THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL BENKA, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES RUSHING, Defendant-Appellant.

Second District   Nos. 82—426, 82—428 cons.

Opinion filed August 18, 1983.

Michael Null, of Chicago, for appellants.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and Phyllis J. Perko and Marshall Stevens, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE VAN DEUSEN delivered the opinion of the court:

Following a jury trial, defendants Michael Benka and James Rushing, and a third defendant who is not a party to this appeal, were found guilty of obscenity (Ill. Rev. Stat. 1981, ch. 38, par. 11—20(a)(1)) and were each subsequently fined $150 plus costs and restitution. On appeal, defendants contend that (1) the trial court erred by permitting the joinder of three unrelated obscenity prosecutions and (2) defendants were denied effective assistance of counsel in view of defense counsel's failure to object to the joinder of the prosecutions and his multiple representation of all defendants.

Defendants' trial was brief. The evidence consisted of three separate stipulations, one with reference to each defendant. These stipulations stated in substance that on a particular date a named defendant had sold a particular issue of Swedish Erotica magazine with its cover exposed and in full view to a named detective. The only other evidence adduced were the three issues of the magazine which were duly marked and admitted into evidence. Each issue of the magazine was monotonously similar in content. Counsel for both sides then proceeded to closing arguments where they both argued that the princi-

pal issue in the case was the determination of whether or not the subject magazines were obscene. At the sentencing hearing, defendants were each fined $150 plus costs and restitution. The post-trial motion, subsequently filed by defendants Benka and Rushing, was heard and denied. This appeal followed.

Defendants first assert that under sections 114—7 and 111—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, pars. 114—7, 111—4), it was error for the trial court to permit the joinder of three unrelated obscenity prosecutions. Defendants are entirely correct that under sections 114—7 and 111—4 of the Criminal Code of 1961, joinder of criminal offenses is not permitted where the charges are not based upon the same act or are not based upon two or more acts which are part of the same transaction. (*People v. Higgins* (1979), 71 Ill. App. 3d 912, 927; *People v. Hyche* (1978), 63 Ill. App. 3d 575, 578, *aff'd* (1979), 77 Ill. 2d 229.) A defendant cannot be forced to trial on disassociated felonies. *People v. Woods* (1961), 23 Ill. 2d 471, 473.

However, this does not mean that a defendant cannot agree to such joinder. As was stated in *People v. Bricker* (1974), 23 Ill. App. 3d 394, 396, "[I]t is axiomatic that a defendant may not be placed on trial, *over his timely objection* on an indictment charging separate offenses when it appears that these offenses are not part of one and the same transaction ***." (Emphasis added.) In this case, however, despite defendants' contention to the contrary, the record establishes that defendants actively participated in the motion to consolidate the three cases for trial.

It is true that we have not been furnished with a transcript of the proceedings concerning the actual consolidation of the cases, but it is the defendants, as appellants, who have the obligation to furnish this court with an adequate record. (*People v. Kline* (1982), 92 Ill. 2d 490, 509; *People v. Smith* (1969), 42 Ill. 2d 479, 483.) A review of the record, however, establishes with certainty that defendants' counsel participated in the motion to consolidate the cases. During the course of the post-trial motion, wherein this issue was initially raised, the State asserted that it was the defense counsel who suggested the cases be joined and that the State merely acquiesced therein. Further, the record discloses that the court at that time recalled that the cases had initially been slated for individual trials. When suggestions were raised that the trials be consolidated, the trial court indicated to the parties he would consolidate the cases if they so desired.

The most compelling indication, however, of defense counsel's participation in the motion of joinder is evidenced by comments he made during the course of closing arguments.

"MR. BOUREGOIS: These three people were charged in a bookstore in DuPage County, and there are three separate arrests. I want you to understand that we consolidated these cases and decided to try them all together because even though they are unrelated to each other and they are individually entitled to a separate trial, for the expediency of courtroom time, lawyers' time, and the State's Attorney's time, and that sort of thing, we brought them together. We are trying all three of the cases at the same time.

Each Defendant is entitled to a separate deliberation by you, and the Judge will instruct you on that. But the fact of the matter is that we consolidated all three of these cases, which have separate numbers, and two occurred on different dates -- maybe all three, I am not sure.

In any event, we decided to bring them all together. ***"

It is well settled that a defendant cannot complain of error which was acquiesced in or invited by him. *People v. Harris* (1982), 104 Ill. App. 3d 833, 839; *People v. Patterson* (1980), 90 Ill. App. 3d 775, 784.

■ Further, under the unique circumstances of this case, defendants were not prejudiced by the joinder of their trials. The facts of each case were simple, stipulated to, not in dispute, and defendants' defenses were not antagonistic. Moreover, the jury's only function was to determine whether or not each of the magazines was obscene and whether a defendant knew the nature and contents of the magazine. In closing argument, counsel for both sides adequately pointed out that this decision had to be made on an individual basis and the guilt of one defendant would not reflect on the guilt of any other defendant. The court clearly and adequately instructed the jury on this point. Under the circumstances of this case, where the defendants at the minimum joined in the motion to consolidate the cases, the granting of that motion rested within the sound judicial discretion of the trial court. See *People v. Higgins* (1979), 71 Ill. App. 3d 912, 927.

Defendants also assert that they were denied effective assistance of counsel at trial in view of defense counsel's failure to object to the joinder of trials and his multiple representation of all defendants. In order to establish ineffective assistance of counsel, defendants must show that counsel was actually incompetent in the performance of his duties and that substantial prejudice resulted from such incompetency without which the results of the trial would have been different. (*People v. Haywood* (1980), 82 Ill. 2d 540, 543; *People v. Greer* (1980), 79 Ill. 2d 103, 120-21; *People v. Pugh* (1982), 106 Ill. App. 3d 901, 908.) Competency is determined from the totality of counsel's conduct at

trial, and a defendant is entitled to competent not perfect representation. (*People v. Ortiz* (1981), 96 Ill. App. 3d 497, 503.) Errors in judgment or trial strategy do not establish incompetency. *People v. Murphy* (1978), 72 Ill. 2d 421, 437; *People v. Pugh* (1982), 106 Ill. App. 3d 901, 908.

In the instant case, defense counsel's participation in the consolidation of defendants' trials would not automatically demonstrate ineffective assistance of counsel. (*People v. Joseph* (1977), 46 Ill. App. 3d 835, 836.) Counsel's decision would appear to have been a matter of trial strategy. Moreover, under the circumstances presented here, it does not appear that the consolidation prejudiced the defendants or that a different result would have occurred in the absence thereof.

With regard to counsel's multiple representation, it is well settled that an attorney's multiple representation of clients, standing alone, is not inadequate and does not demonstrate ineffective assistance. (*People v. Joseph* (1977), 46 Ill. App. 3d 835, 836-37; *People v. Normant* (1975), 25 Ill. App. 3d 536, 540.) It should be noted that defendants' counsel on appeal, who raises the issue of incompetency of counsel because of multiple representation of the defendants, has himself actually been of record in each of the three cases since their inception as an associate of defendants' trial attorney. While defendants should have separate trials and separate representation where the defenses are antagonistic, in this particular case, the defenses of the subject defendants were so closely alike that a joint trial agreed to by defendants was not improper and multiple representation was not required.

The judgments of conviction and fines and court costs levied against defendant Michael Benka in No. 82—426 and against James Rushing in No. 82—428 are affirmed. The motion of defendants to strike appellee's brief taken with the case is denied.

Affirmed.

NASH and UNVERZAGT, JJ., concur.