THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JON STOKES, a/k/a Willie Robinson, Defendant-Appellant.

Fourth District   No. 4—87—0678

Opinion filed July 14, 1988.

Dan Kirwan and Michelle A. Zalisko, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On May 8, 1984, following a jury trial in the circuit court of Champaign County, defendant Jon Stokes, a/k/a Willie Robinson, was convicted of two counts of armed robbery and one count of attempt (murder). He was subsequently sentenced to 30 years' imprisonment for the armed robbery conviction and 15 years' for the attempt (murder) conviction. The convictions were affirmed on direct appeal. *People v. Coleman* (1985), 135 Ill. App. 3d 1168 (order under Supreme Court Rule 23).

Defendant filed a *pro se* post-conviction petition on March 24, 1987, and following a hearing, the petition was denied. On appeal, defendant maintains the trial court erred in denying the petition, which was based on the impropriety of imposing consecutive sentences. We affirm.

■ The State correctly points out the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*) concerns constitutional deprivation of the rights of an accused which have not already been adjudicated. (*People v. French* (1970), 46 Ill. 2d 104, 262 N.E.2d 901.) Defendant does not contend that an improper imposition of consecutive sentences constitutes a deprivation of a constitutional right. However, in his reply brief, defendant asserts that if the foregoing is correct, prior counsel was incompetent for not raising that issue before this court on the direct appeal from the conviction and in the in-

stant post-conviction petition. Accordingly, in order to avoid unnecessary further proceedings, we take the constitutional issue of incompetence of prior counsel for not having raised the foregoing issues as being before us. We hold that no such incompetency has been shown, because the imposition of consecutive sentences was not error.

The evidence presented at trial indicated: (1) defendant and codefendant George Coleman robbed clerks at a grocery store in Champaign County; (2) five minutes later, William May saw two men acting suspiciously in the store parking lot and, thinking they were stealing a car, yelled at them to stop; (3) one of the men then fired a shot in May's direction; (4) the two men then ran away, dropping a bag they had been carrying; (5) May was unable to identify either defendant or Coleman; (6) defendant and Coleman were found a short time later, hiding in a nearby shed; and (7) a plastic bag containing cash drawers from the grocery store was found in the parking lot.

Prior to trial, defense counsel filed a motion to sever the attempt (murder) count, alleging the evidence set forth by the discovery indicated the attempt (murder) was distinct from the armed robbery. The trial court denied the motion, noting that the evidence was "sufficient to convince me that we are talking about charges, which are part of the same comprehensive transaction, both in time and in space, and there is no reason why *** these counts should be severed."

Following defendant's conviction, the court addressed the argument that consecutive sentences should not be imposed. The court noted that there was no question but that at the time the attempt (murder) was committed the armed robbery of the store was completed, the defendants were away from the scene of the robbery, and that the gun was shot in the process of escaping from the premises.

■ Defendant concedes the court was correct in finding that the attempt (murder) and the armed robbery were part of the same transaction for purposes of denying the motion to sever. He argues, however, that the court erred in ruling that these offenses were distinct and separate in imposing consecutive sentences.

Section 5—8—4 of the Unified Code of Corrections provides:

"The court shall not impose consecutive sentences for offenses which were committed ·as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, in which event the court may enter sentences to run consecutively." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—4(a).)

The unambiguous language of this section authorizes the imposition of a consecutive sentence: (1) if there has been a substantial change in the nature of the criminal objective; (2) if one of the offenses for which defendant was convicted was a Class X felony; or (3) if one of the offenses for which defendant was convicted was a Class 1 felony and the defendant inflicted severe bodily injury. Section 5—8—4(b) authorizes the court to impose a consecutive sentence if it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant. Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—4(b).

■ Moreover, "the imposition of consecutive sentences depends upon both the existence of separate and distinct acts and separate motivation behind those acts. *** Courts have applied this test to uphold consecutive sentences where the defendant committed different crimes sequentially against the same victim." *People v. Perruquet* (1983), 118 Ill. App. 3d 293, 295-96, 454 N.E.2d 1055, 1057.

In *Perruquet,* the defendant forced the victim in the car at knife point and drove to Williamson County where he raped her and forced her to engage in fellatio. He then took money from the victim's purse. After robbing her, he drove to Jackson County and raped her again. He was sentenced to an extended term of 30 years for aggravated kidnaping to run concurrently with extended terms of 60 years for each of the Williamson County offenses of rape and deviate sexual assault. In addition, he was sentenced to an extended term of 60 years for the Jackson County rape which was to run consecutive to sentences for the Williamson County sex offenses. In upholding the consecutive sentences, the appellate court found that although the offenses were committed during a continuous course of conduct, there was a substantial change in the nature of defendant's criminal intent from rape to armed robbery and that the second rape involved a "renewed criminal objective of sexual assault." *Perruquet,* 118 Ill. App. 3d at 297, 454 N.E.2d at 1058.

■ Here, defendant committed the offense of armed robbery of the clerks in the grocery store. That crime was completed when he shot at William May in an effort to escape. The armed robbery involved a different criminal objective than did the attempt (murder), and consecutive sentences were properly imposed.

■ Defendant's contention that consecutive sentences were improper because the court had made contradictory findings in allowing joinder and then ordering consecutive sentences is without merit. Section 111—4(a) of the Code of Criminal Procedure of 1963 allows joinder of offenses if the offenses charged are based on two or more acts

which are part of the same comprehensive transaction. (Ill. Rev. Stat. 1985, ch. 38, par. 111—4(a).) In order to impose consecutive sentences, the court was required to determine whether the offenses were independently motivated or if they had a different criminal objective. Moreover, the joinder provision is concerned with judicial economy and avoiding multiple trials in which the same evidence is introduced. The consecutive sentence provision is concerned with protection of the public, deterrence, punishment and rehabilitation of the defendant. It was not inconsistent to find the two offenses were sufficiently linked to justify a joint trial and that the two offenses did not have the same motivation. The trial court did not err in imposing consecutive sentences.

For the reasons stated, the decision of the trial court is affirmed.

Affirmed.

LUND and KNECHT, JJ., concur.