THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
KARL HOUSE, Defendant-Appellant.

Fourth District   No. 4—90—0075

Opinion filed September 27, 1990.—Rehearing denied October 29, 1990.

894

896

Kelly D. Long, of Kelly D. Long Law Office, of Hillsboro, for appellant.

Scott H. Walden, State's Attorney, of Quincy (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

After a trial *in absentia*, defendant was convicted of perjury (Ill. Rev. Stat. 1985, ch. 38, par. 32—2), unlawful use of firearms by a felon (Ill. Rev. Stat. 1985, ch. 38, par. 24—1.1), and aggravated assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—2(a)(1)). The trial court sentenced defendant to five years on the perjury conviction to be served consecutively with concurrent sentences of five years for the weapons offense and 364 days for the aggravated assault.

Subsequently, defendant filed a post-conviction petition (Ill. Rev.

Stat. 1989, ch. 38, par. 122—1 *et seq.*) challenging procedural aspects of his trial, the amendment of the indictment, sentencing, and other matters. He appeals the denial of his petition for post-conviction relief. Defendant argues (1) he was entitled to certified mail notice of his trial date prior to his trial *in absentia*; (2) amendment of the information deprived the circuit court of jurisdiction over the cause; (3) he was denied his constitutional right to a fair trial; (4) the trial court abused its discretion by sentencing defendant to a consecutive term of imprisonment for perjury; (5) the trial court denied defendant appeal of his conviction; and (6) Judge Cook's denial of defendant's motion for a substitution of judge was an abuse of discretion.

On August 6, 1986, a multicount information was filed concerning an incident which occurred on August 2, 1986, and defendant's subsequent statements at a hearing concerning bail. Only salient portions of the information will be discussed herein. Count I of the information charged defendant, while under oath during a hearing to set bail in People v. Sebastian, Adams County case No. 86—CM—339, falsely testified he was John R. Sebastian and had no prior criminal convictions.

Count III alleged defendant committed the offense of unlawful possession of firearm (Ill. Rev. Stat. 1985, ch. 38, par. 24—3.1(a)(3)) in that he possessed a .22 caliber revolver after being released from the Algoa Correctional Center, in Jefferson City, Missouri, where he had been imprisoned for selling controlled substances.

On August 25, 1986, the trial court found probable cause to believe the felony offenses alleged had been committed and defendant committed them. Defendant was arraigned on September 9, 1986. The court advised defendant that counts I, II, and III were Class 3 felonies. The court told defendant that a two- to five-year term of imprisonment was possible for each Class 3 felony.

Defense counsel requested trial be set in November. The following exchange then occurred:

"THE COURT: Do you want him advised as to trial *in absentia*?

[STATE'S ATTORNEY]: Yes.

THE COURT: Mr. House, come back up here. One last thing, Mr. House, on these charges. I would advise you that now that the trial date is going to be November 12th, okay—

THE DEFENDANT: Yes.

THE COURT: —I'm going to tell you on the record here that since these cases are set for November 12th, that means if you fail to show up at that time for the trial—for instance, if

you get out on bond and if you don't appear on November 12th—the State's Attorney can ask the Court to go ahead and try the case without your being present. Your failure to appear after being notified of the date, which I have just done, in effect waives your right to be present, waives your right to face the witnesses, those who are called to testify against you, and waives your right to cross-examine them in person. Of course, your attorney would be here, but what I'm saying is that if you fail to appear without good cause, the case will be tried without you. You are waiving your right to be present. Do you understand that?

THE DEFENDANT: I understand."

Defendant was released after posting bond on September 9, 1986.

On October 31, 1986, a pretrial hearing occurred. Defendant failed to appear. Defense counsel requested a continuance. The court denied the motion and ordered the defendant to appear for trial on November 12, 1986. The State made an oral motion for trial *in absentia* should defendant fail to appear on November 12, 1986. In its order, the court noted defendant could be tried *in absentia* upon appropriate proof, if he failed to appear on November 12, 1986.

Defendant failed to appear on November 12, 1986.

On November 17, 1986, the State filed a written motion for a trial *in absentia*. The State also filed a motion for a separate trial on the perjury count. On November 20, 1986, after a hearing, the court found defendant's absence was wilful and granted the motion for a trial *in absentia*. The trial occurred on November 26, 1986.

On November 24, 1986, the State filed a motion for leave to file an amended information. Only amended count III is at issue. Amended count III charged defendant committed unlawful use of firearms by a felon pursuant to section 24—1.1 of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 24—1.1). The prosecutor stated the failure to charge defendant pursuant to section 24—1.1 of the Code was a typographical error. Defendant had been advised the weapons counts were Class 3 felonies. Defense counsel objected to the amendment, noting it raised a misdemeanor to a felony offense. The judge allowed the amendment after noting defendant was admonished as to the Class 3 felony and understood it was a felony charge. Therefore, the court found no prejudice occurred in correcting the statutory reference.

At trial, Don McClelland testified he first saw defendant on August 2, 1986, at the Doghouse Tavern in Quincy. Defendant was with a woman. McClelland and George Lupo were in the parking lot when

defendant and the woman left the tavern. While in the parking lot, McClelland noticed defendant beating the woman. Defendant and the woman drove out of the parking lot before McClelland and Lupo drove out of it. Defendant continued beating the woman as he was driving. Defendant put his brakes on when he hit the woman. McClelland testified defendant's vehicle nearly collided with McClelland's vehicle. McClelland decided to prevent defendant from hitting the woman. Defendant pulled into a junkyard. McClelland got out of his vehicle and shouted at defendant. He and defendant exchanged words. Then, McClelland noticed a weapon in defendant's hand, and defendant started shooting. McClelland stated the weapon was a small-caliber pistol, but he was too far away to determine the type. The bullet hit the windshield of McClelland's vehicle. Lupo was seated in McClelland's vehicle at the time.

Lupo identified a photograph of defendant as John Sebastian. He had met Sebastian prior to August 2, 1986, while he was managing the Doghouse Tavern. His testimony concerning the shooting was substantially similar to McClelland's testimony.

Sergeant Anthony Grootens of the Adams County sheriff's department testified he arrested defendant later that evening. He observed defendant operating a motorcycle, with a woman passenger. After defendant was taken into custody, Grootens noticed a .22 caliber handgun to the east side of the motorcycle near where defendant was standing. After defendant had been advised pursuant to *Miranda*, defendant said the weapon fell out of his pocket when he got off the bike.

Cathe Baker, deputy county clerk of Adams County, testified People's exhibit No. 1, a photograph of defendant, was a photograph of John Sebastian. On August 4, 1986, she administered the oath to defendant, at a bond hearing in People v. Sebastian. Defendant stated he was John Sebastian and did not have any prior offenses. Judge Wooley heard the testimony and set bond. A few days later, she saw defendant again. He then stated he was Karl House.

Adams County Sheriff's Deputy Clay Doane testified he arrested defendant on August 5, 1986. Initially, defendant stated he was John Sebastian. Defendant had a driver's license with that name. After being advised of his rights, defendant stated his real name was Karl House.

The court admitted a certified copy of a Missouri felony conviction of Karl House into evidence.

Defendant filed a petition for post-conviction relief on August 4, 1989. Defendant moved for a substitution of judge on October 4,

1989. Defendant alleged Judge Cashman was prejudiced because he had made the rulings complained of in the post-conviction petition. Judge Cook denied the motion for substitution of judge on October 22, 1989. Judge Cook noted defendant had not presented any facts tending to show bias.

The hearing on defendant's post-conviction petition occurred on November 3, 1989. Defendant testified that although he remembered being advised that trial would occur if he were not present, he did not remember being told he could be sentenced. Defendant did not receive notice of the November 24, 1986, trial date by certified mail. He did not waive a preliminary hearing on the amended information, nor did he authorize his attorney to object to severance of the perjury charge. Defendant admitted that he did not appear for his trial date, was a fugitive, and was not at the address on his bond slip. He understood he was charged with a felony possession of a weapon.

■ Initially, defendant argues his felony convictions must be reversed because he did not receive notice of his actual trial date as specified in section 115—4.1(a) of the Code of Criminal Procedure of 1963 (Criminal Code) (Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1). An accused has a constitutional right to be present at all stages of his trial and to confront witnesses against him. (*People v. Owens* (1984), 102 Ill. 2d 145, 464 N.E.2d 252.) However, a defendant may not prevent his trial by voluntarily absenting himself from it. When a defendant is released on bond, he has a duty to present himself for trial. (*People v. Velasco* (1989), 184 Ill. App. 3d 618, 540 N.E.2d 521.) Allowing a defendant to impede the trial proceedings by voluntarily absenting himself would permit him to benefit from his failure to present himself at trial. *People v. Steenbergen* (1964), 31 Ill. 2d 615, 203 N.E.2d 404.

■ Therefore, a voluntary absence is considered a waiver of the accused's right to be present at trial. (*People v. Davis* (1968), 39 Ill. 2d 325, 235 N.E.2d 634.) Illinois has enacted a legislative scheme designed to ensure that a trial *in absentia* is not held unless the defendant has made a valid waiver of his right to be present at trial and confront witnesses against him. *People v. Watson* (1982), 109 Ill. App. 3d 880, 441 N.E.2d 152.

■ The State maintains this court need not consider defendant's post-conviction claim of inadequate notice of his trial date because a mere violation of a statutory provision occurred. A violation of a statute or rule of procedure which does not constitute a deprivation of constitutional rights may not be considered under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*; *People v.*

*Orndoff* (1968), 39 Ill. 2d 96, 233 N.E.2d 378.) However, the right to be present at trial is one which is founded in the constitution. (Ill. Const. 1970, art. I, §13; U.S. Const., amend. VI; *People v. Lester* (1988), 165 Ill. App. 3d 1056, 519 N.E.2d 1127.) Therefore, absence of notice pursuant to the statutes presents a constitutional question.

Section 115—4.1(a) of the Criminal Code states:

"(a) When a defendant after arrest and an initial court appearance for a non-capital felony, fails to appear for trial, at the request of the State and after the State has affirmatively proven through substantial evidence that the defendant is willfully avoiding trial, the court may commence trial in the absence of the defendant. *** *The court may set the case for a trial which may be conducted under this Section despite the failure of the defendant to appear at the hearing at which the trial date is set. When such trial date is set the clerk shall send to the defendant, by certified mail at his last known address indicated on his bond slip, notice of the new date which has been set for trial. Such notification shall be required when the defendant was not personally present in open court at the time when the case was set for trial.*" (Emphasis added.) Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1(a).

Defendant argues his conviction of the felony charges must be reversed since he was not present when the trial court set the November 24, 1986, trial date, nor was he served with notice of the date by certified mail.

Defendant relies upon four cases in urging this court to reverse his felony convictions. In *People v. Williams* (1987), 151 Ill. App. 3d 1010, 503 N.E.2d 1090, defendant personally appeared at his arraignment. His case was set for a trial readiness call on April 14, 1986, and for a jury trial on April 21, 1986. Defendant did not appear on April 14, 1986, and the court allotted the case for a further trial readiness call on April 17, 1986. Defense counsel stated he would notify defendant of the change, but failed to do so. On April 17, 1986, after defendant failed to appear, the court granted the State's motion for a trial *in absentia*. The court set a new trial date for April 30, 1986. Defense counsel was to notify defendant of the new date. On April 29, 1986, the court discovered counsel had not notified defendant of the April 30, 1986, date and ordered the State's Attorney's office to do so.

This court noted the record did not support a finding that notice of the April 30, 1986, trial date was served by certified mail. This court found that Williams' convictions had to be reversed because he

did not receive notice of his new trial date by certified mail. The court held the certified mailing procedure set forth in section 115—4.1(a) of the Criminal Code was mandatory. The *Williams* court relied upon *Watson* (109 Ill. App. 3d 880, 441 N.E.2d 152).

In *Watson*, this court held a defendant was not advised pursuant to section 113—4(e) of the Criminal Code of the possibility of a trial *in absentia*. Additionally, the court held setting a case for the "January jury call" in defendant's presence was insufficient to notify him of the specific trial date.

In *Lester*, this court held the trial court was without authority to try Lester *in absentia* because it completely failed to orally admonish him of that possibility. (*Lester*, 165 Ill. App. 3d 1056, 519 N.E.2d 1127; Ill. Rev. Stat. 1987, ch. 38, par. 113—4(e).) In *dicta*, this court stated certified mail notice of the trial date was mandatory.

In *People v. Smith* (1989), 189 Ill. App. 3d 80, 544 N.E.2d 1162, defendant was arraigned on July 11, 1982. He was advised of the possibility of a trial *in absentia*, and his trial date was set for September 12, 1988. On September 12, 1988, the defendant personally appeared with counsel, and the trial was set for September 19. On September 19, 1988, the case was set for September 21, 1988. Defendant did not appear on the September 21, 1988, date. The State made a motion for trial *in absentia*, and the court continued the cause until September 23, 1988, for a hearing.

On September 23, defense counsel stated he told defendant on September 18 that no trial would occur on September 19. However, counsel asked defendant to call him on September 19. Defendant did not do so, and defense counsel had been unable to contact defendant. The court granted the State's motion for a trial *in absentia*, and defendant was convicted.

This court reversed defendant's felony conviction. It noted section 115—4.1(a) of the Criminal Code provides that when a date for a trial *in absentia* is set and defendant is not present, the clerk shall send defendant notice by certified mail of the trial date. The provision was mandatory. The *Smith* court rejected the State's argument that an exception existed when defendant was present at the time the original trial date is set and, thereafter, fails to inform the court of his address. This court, citing *Williams* and *Lester*, noted that defendant's constitutional right to be present at his trial necessitated strict construction of statutes dealing with trial *in absentia*.

Defendant, in the instant case, relies upon *Williams, Watson, Smith*, and *Lester*. However, the facts in the instant case are somewhat distinguishable from each of those cases.

However, the facts in the case at bar are very similar to those presented in *People v. Velasco* (1989), 184 Ill. App. 3d 618, 540 N.E.2d 521, *appeal denied* (1989), 127 Ill. 2d 637. Velasco entered a not guilty plea on December 7, 1984, and on January 23, 1986, posted bond. On February 4, 1986, Velasco and his attorney appeared in court. The court set March 10 as the trial date and admonished Velasco that a trial would occur in his absence if he failed to appear. Velasco failed to appear on March 10, 1986. The court granted the State's motion for bond forfeiture and continued the matter for two days. On March 12, the court ruled Velasco would be tried *in absentia*. Jury selection started the next day.

Velasco, in a similar fashion to defendant, argued he was entitled to notice by certified mail of the March 13 trial date. Velasco relied on *Williams*. The *Velasco* court distinguished *Williams* because the new trial date was set for Williams and the court directed the clerk of the court to send notice of the new date to him. The *Velasco* court also noted that *Watson* dealt with a situation in which the defendant was not personally advised of the specific trial date. Neither factor salient in *Williams* or *Watson* was present in *Velasco* or the instant case. The *Velasco* court stated:

"In the instant case, defendant was personally present in open court when the specific trial date was set. Thus, we do not agree, nor do we read *Watson* as holding, that additional notice by certified mail was required under section 115—4.1. * * *

Moreover, the *Watson* court specifically noted that Watson was not admonished of his right to be present at trial or of the consequences of his failure to appear. Neither is there any statement in *Williams* or facts from which we can infer that the trial court admonished Williams, at the arraignment proceeding when his case was set for trial, that his failure to appear on that date could result in his being tried *in absentia* as is required by section 113—4(e). In contrast to those cases, it is undisputed in the instant case that defendant was admonished that if he failed to appear on March 10, trial *would* proceed in his absence and that he affirmatively responded 'I understand.' Having been present in open court when his specific trial date was set and having been apprised of his right to be present and the consequences of his failure to appear, we find that there was compliance with the protective requirements of sections 113—4 and 115—4:1, and that the trial was therefore properly conducted in defendant's absence." *Velasco*, 184 Ill. App. 3d at

628-29, 540 N.E.2d at 527-28.

Although we agree that the *Williams, Watson,* and *Smith* cases initially appear to support defendant's position, as noted by the First District Appellate Court in *Velasco, Williams* and *Watson* are clearly distinguishable from the instant situation. Defendant was present in open court when his specific trial date was set. That trial date was never continued. In contrast to *Williams,* a new trial date was not set in defendant's absence. In *Watson,* no specific trial date was set by the court and defendant was not advised that he could be tried *in absentia* if he did not appear.

■■ Similarly, *Smith* is distinguishable. In *Smith,* defendant was not personally present on September 19, 1988, when the court set his trial for September 21, 1988. Smith's counsel's presence at the September 19, 1988, hearing was insufficient to notify defendant of the new trial date. Since defendant in the instant case was personally present when the court set his trial date, was admonished that trial would occur in his absence if he failed to appear, and no new trial date was ever set, certified mail notice would not be necessary under a literal reading of the statute or under *Velasco.* No error occurred in trying defendant *in absentia.*

Defendant next argues the trial court lost jurisdiction over the cause when it granted the State's motion to amend the information to correct formal defects. (Ill. Rev. Stat. 1985, ch. 38, par. 111—5.) Defendant contends amendment of the statutory section references in counts II and III was a fundamental change in the charge. Defendant asserts he was entitled to a new probable cause hearing and arraignment. The trial court granted the State's pretrial motion to dismiss amended count II. Therefore, only the propriety of amended count III is before the court.

■■ ■ Section 111—5 of the Criminal Code provides the information may be amended at any time to correct formal defects, which include miswriting, misspelling, or grammatical errors. (Ill. Rev. Stat. 1985, ch. 38, par. 111—5.) If the amendment does not involve a material change in the averments of the original information, the original information is not abandoned and trial may be had on it as amended without a new plea. (*People v. Meeks* (1978), 59 Ill. App. 3d 521, 375 N.E.2d 1001.) However, when the amendment seeks to change the nature of the offense with which the defendant is charged, the amendment is not technical. (*People v. Heard* (1970), 47 Ill. 2d 501, 266 N.E.2d 340; *People v. Betts* (1979), 78 Ill. App. 3d 200, 397 N.E.2d 106.) An error in the citation of a statutory provision is a formal rather than substantive defect, when the amendment does not affect

the substance of the charge. The finding that the matter is a formal defect is strengthened when the defendant is not surprised by the amendment. *People v. Wise* (1984), 128 Ill. App. 3d 330, 470 N.E.2d 1155.

Count III stated:

> "COUNT III. That on or about the 2nd day of August, 1986, in Adams County, Illinois, KARL HOUSE committed the offense of UNLAWFUL POSSESSION OF FIREARMS in that said defendant having been convicted of the offenses of Selling Controlled Substance and Selling Methamphetamine, in violation of 195.221, Missouri Revised Statutes, in Randolph and Macon Counties, State of Missouri, and thereafter released from Algoa Correctional Center in Jefferson City, Missouri, on November 25, 1980, for said offenses did knowingly have in his possession firearms, to wit: a .22 caliber revolver, in violation of Chapter 38, Section 24—3.1(a)(3) of the Illinois Revised Statutes."

Amended count III stated:

> "COUNT III. That on or about the 2nd day of August 1986, in Adams County, Illinois, KARL HOUSE committed the offense of UNLAWFUL USE OF FIREARMS BY A FELON in that he knowingly possessed on or about his person a firearm being a .22 caliber revolver after having been convicted of a felony, the offense of Selling Controlled Substance, in violation of 195.020, Missouri Revised Statutes, in Randolph and Macon Counties, State of Missouri, in violation of Chapter 38, Section 24—1.1 of the Illinois Revised Statutes."

■ Original count III charged defendant with misdemeanor possession of a firearm by a felon. Section 24—3.1 of the Code states:

> "(a) A person commits the offense of unlawful possession of firearms or firearm ammunition when:
>
> * * *
>
> (3) He has been convicted of a felony under the laws of this State or any other jurisdiction, and has any firearm or firearm ammunition in his possession * * *." (Ill. Rev. Stat. 1985, ch. 38, par. 24—3.1(a)(3).)

A violation of this section is a Class A misdemeanor.

Amended count III charged defendant with unlawful use of a firearm by a felon and necessitated proof that defendant had the weapon "on or about his person." Section 24—1.1(a) of the Code states:

> "It is unlawful for a person to knowingly possess on or about his person * * * any weapon prohibited under Section 24—1 of

this Act or any firearm \*\*\* if the person has been convicted of a felony \*\*\*." (Ill. Rev. Stat. 1985, ch. 38, par. 24—1.1(a).) Unlawful use of weapons by a felon is a Class 3 felony. (Ill. Rev. Stat. 1985, ch. 38, par. 24—1.1(b).) At his arraignment, the court advised defendant that unlawful possession of a firearm was a Class 3 felony. At the post-conviction hearing, defendant admitted he believed he was charged with a felony.

■ The amendment, in the instant case, was technical in nature. Original count III stated defendant possessed a weapon after having been convicted of a felony. Amended count III did not change these allegations but made them more specific by alleging defendant possessed the weapon on or about his person. The statutory section accordingly changed. Defendant admitted he knew from the time of the arraignment that he was charged with a felony. Therefore, defendant was not surprised by the amendment. The amendment did not change the substance of the original charge. *Wise*, 128 Ill. App. 3d 330, 470 N.E.2d 1155; *Meeks*, 59 Ill. App. 3d 521, 375 N.E.2d 1001.

■ Even were the court to find the amendment of count III absent a new arraignment was improper, the jurisdiction of the circuit court would not be affected. The jurisdiction of the circuit courts is not conferred by indictment or information, but by article VI of the constitution. (*People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456; Ill. Const. 1970, art. VI, §9; *People v. Mitchell* (1983), 116 Ill. App. 3d 44, 451 N.E.2d 934.) Thus, the trial court properly denied defendant's petition for post-conviction relief.

■ Defendant next argues the trial court erred in denying the State's motion for severance of the perjury charge. Defendant contends joinder of the "non-related" perjury charge had to prejudice him, the perjury charge did not meet the "same transaction test" for purposes of joinder, and it was improper to impose consecutive sentences. Post-conviction relief is limited to errors which deprive an accused of constitutional rights. Challenges to the sufficiency of the evidence or allegations of error in statutory interpretation do not ordinarily constitute substantial deprivation of constitutional rights. (*Orndoff*, 39 Ill. 2d 96, 233 N.E.2d 378; *People v. Talley* (1981), 97 Ill. App. 3d 439, 422 N.E.2d 1084.) Since defendant merely alleges the perjury count should not have been tried with the weapons and assault counts because it was not part of the same transaction, he is alleging a statutory violation. (Ill. Rev. Stat. 1985, ch. 38, par. 111—4(a).) However, defendant contends in his reply brief that he is alleging the prejudice caused by the improper joinder deprived him of a fair trial.

■■ Defendant's actions during the trial waived any contention of improper joinder. Defense counsel vigorously opposed the State's motion for severance. Under sections 111—4 and 114—7 of the Criminal Code, it is error for the court to join unrelated offenses. (Ill. Rev. Stat. 1985, ch. 38, pars. 111—4, 114—7.) Charges may be severed if the State or defendant may be prejudiced by their joinder. *People v. Mikel* (1979), 73 Ill. App. 3d 21, 391 N.E.2d 550.

■■ However, a defendant may be tried on wholly unrelated offenses if he agrees to such a procedure. (*People v. Benka* (1983), 117 Ill. App. 3d 221, 223-24, 453 N.E.2d 71, 72-73.) Thus, even if this court were to find joinder was error, defendant's conduct in opposing severance would constitute his agreement to the joinder of trial of the offenses. (*Benka*, 117 Ill. App. 3d 221, 453 N.E.2d 71; *People v. Jones* (1967), 84 Ill. App. 2d 33, 228 N.E.2d 566.) Additionally, a failure to move for severance prior to trial waives any allegation of prejudice caused by the joinder. *People v. Terry* (1988), 177 Ill. App. 3d 185, 532 N.E.2d 568.

■■ Defendant's contention that his attorney acted without his consent is meritless. Generally, a client is bound by the acts or omissions of his counsel. (*People v. Eddington* (1978), 64 Ill. App. 3d 650, 381 N.E.2d 835.) This rule applies even though the client is not personally present when the attorney acts. *People v. Henderson* (1977), 45 Ill. App. 3d 798, 359 N.E.2d 909.

■■ ■ Defendant next argues he was improperly convicted of perjury because the bail-setting statute did not require him to testify under oath. Since his oath was "voluntary," his false statements could not be considered perjury. A person commits perjury when, while under oath, in a proceeding or in any other matter where by law such oath is required, he knowingly makes a false statement which is material to the issue in question. (Ill. Rev. Stat. 1985, ch. 38, par. 32—2(a).) The statute on determining the amount of bail states the court may consider "reliable information" presented by the defendant. (Ill. Rev. Stat. 1985, ch. 38, par. 110—5(a).) It does not state defendant's testimony must be under oath to be reliable. Defendant argues his oath was, therefore, voluntary and no perjury occurred. We disagree.

In *People v. Watson* (1980), 85 Ill. App. 3d 649, 406 N.E.2d 1148, the court addressed an identical argument raised in connection with the Election Code. The court found the oath was required although section 10—10 of the Election Code did not literally state an oath was necessary. Section 10—10 stated the electoral board was authorized to administer oaths and examine witnesses. (Ill. Rev. Stat. 1979, ch. 46, par. 10—10.) The *Watson* court noted that a voluntary oath, one nei-

ther required nor authorized by law, cannot constitute perjury.

■■ Section 1 of "An Act to revise the law in relation to oaths and affirmations" (Act) provides:

"All courts, and all judges and the clerk thereof, the county clerk, deputy county clerk, and notaries public, have power to administer oaths and affirmations to witnesses and others, concerning *anything commenced or to be commenced, or pending before them respectively.*" (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 101, par. 1.)

Section 5 of the Act provides that all oaths taken pursuant to the Act shall subject the person falsely swearing to a perjury charge. (Ill. Rev. Stat. 1985, ch. 101, par. 5.) Here, the hearing to determine bond was a matter pending before the court. Defendant was under oath as authorized pursuant to section 1 of the Act. Therefore, upon testifying falsely, he was subject to a perjury charge. His oath was not voluntary. It is the inherent power of the court to require witnesses in matters pending before it be sworn to tell the truth. Ill. Rev. Stat. 1985, ch. 101, par. 5; *Watson,* 85 Ill. App. 3d 649, 406 N.E.2d 1148.

■■ Defendant next argues his statements at the bond hearing may have been obtained in violation of his fifth amendment rights. Therefore, they were inadmissible at his perjury trial. Defendant's contention pertaining to lack of *Miranda* warnings is meritless. Initially, defendant's argument in this court is based upon speculation. Defendant has an obligation to present a record which is adequate for a determination of the issues raised. (*People v. Dakuras* (1988), 172 Ill. App. 3d 865, 527 N.E.2d 163.) Absent a sufficient record, the court need not consider the allegation. Defendant admits his argument is based upon speculation. No record of the bond hearing has been presented to this court. Therefore, this court does not consider the argument.

■■ Defendant next argues the evidence was insufficient to convict him as there was no testimony that he was the person named in the certified copy of the out-of-State conviction. Defendant's argument has no current validity. In *People v. Davis* (1983), 95 Ill. 2d 1, 31, 447 N.E.2d 353, 367-68, the supreme court adopted the general rule that identity of name gives rise to a presumption of identity of person. *Davis* dealt with proof of a prior conviction as an aggravating factor during sentencing. The instant case deals with proof of a prior conviction as an element of the offense charged. However, the *Davis* presumption applies. *People v. Bond* (1989), 178 Ill. App. 3d 959, 533 N.E.2d 1163.

■■ ■ Defendant argues he should not have been given consec-

utive sentences because the perjury count was treated as part of the same transaction for purposes of trial. In *People v. Stokes* (1988), 172 Ill. App. 3d 534, 526 N.E.2d 899, the court rejected an argument that a trial court had made contradictory findings in allowing joinder and then ordering consecutive sentences. The court noted section 111—4(a) of the Criminal Code provides for joinder of offenses if they are based upon two or more acts which are part of the same comprehensive transaction. However, to determine the propriety of consecutive sentences, the trial court must decide if the offenses were independently motivated. The appellate court noted the joinder provisions addressed judicial economy. Consecutive sentencing provisions address the need to protect the public, deter crime, punish offenders, and rehabilitate defendants. The appellate court held joinder of offenses was not inconsistent with imposition of consecutive sentences. In the instant case, although the perjury offense was joined with the unlawful use of weapons offense and aggravated assault offense for purposes of trial, the false statement had a separate motivation or criminal objective. Consecutive sentences were appropriate.

■ Defendant next contends he was denied his right to appeal. Defendant contends he was never advised of his right to an appeal and no timely notice of appeal was filed for him. This court need not consider the merits of this argument. Defendant does not cite any authorities in support of his contention. He also does not provide any argument in support of his contention. Such an assertion fails to comply with Supreme Court Rule 341(e)(7) and may be deemed waived. (*People v. Ortiz* (1980), 91 Ill. App. 3d 466, 414 N.E.2d 1072; *People v. Deacon* (1985), 130 Ill. App. 3d 280, 473 N.E.2d 1354; 107 Ill. 2d R. 341(e)(7).) We note, however, a failure to advise the defendant of his right to an appeal does not raise a question of constitutional dimension. The rule that a defendant must be advised of his right to appeal is considered a procedural rule. (*People v. Cox* (1972), 53 Ill. 2d 101, 291 N.E.2d 1.) A defendant who is a fugitive has no constitutional right to an appeal. (*People v. Sayles* (1985), 130 Ill. App. 3d 882, 474 N.E.2d 870.) In the instant case, defendant was a fugitive at the time of sentencing. No error occurred.

■ Defendant argues he was entitled to a substitution of judge during the post-conviction proceedings. He contends Judge Cashman, because he made the rulings at trial, would not have been as impartial as a new judge. Defendant acknowledges that section 122—8 of the Post-Conviction Hearing Act, which provided for a judge other than the trial judge, was declared unconstitutional. (Ill. Rev. Stat. 1985, ch. 38, par. 122—8; *People v. Joseph* (1986), 113 Ill. 2d 36, 495 N.E.2d

501.) There is no absolute right to a substitution of judge for post-conviction proceedings. (*People v. Wilson* (1967), 37 Ill. 2d 617, 230 N.E.2d 194.) In fact, post-conviction proceedings should be heard by the judge who rendered the original judgment, unless there is a showing of prejudice. (*People v. Neal* (1984), 123 Ill. App. 3d 148, 462 N.E.2d 814.) Defendant did not offer any facts showing prejudice. Therefore, he has not established any bias on Judge Cashman's part.

For the above reasons, we affirm the trial court.

Affirmed.

KNECHT, P.J., and SPITZ, J., concur.