THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
EDWARD J. ARRINGTON, Defendant-Appellant.

Second District   No. 2—96—1317

Opinion filed June 16, 1998.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Carol L. Anfinson, of Aurora, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Martin P. Moltz and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RATHJE delivered the opinion of the court:

Defendant, Edward Arrington, was convicted of attempted robbery (720 ILCS 5/8—4(a), 18—1(a) (West 1996)) and aggravated battery (720 ILCS 5/12—4(b)(1) (West 1996)) and was sentenced to two consecutive nine-year prison terms. Defendant appeals, arguing that (1) we must grant him a new trial because the trial court failed to appoint a special prosecutor; and (2) the trial court erred in imposing consecutive sentences.

While armed with a nonfunctioning replica of a pistol, defendant entered Logli's Supermarket, handed a bag to Lori Livingston, who was at the service desk counter, and told her that he wanted to make a withdrawal. Livingston left the counter and alerted the manager. Defendant turned to leave, and the manager ordered him to stop. Defendant continued, and the manager attempted to block defendant's path. Defendant pulled out the replica pistol and hit the manager over the head, causing a minor injury. The manager and other employees eventually subdued defendant.

The trial court denied defendant's posttrial motion and, after

reviewing defendant's presentence report, concluded that defendant's past convictions rendered him eligible for extended-term sentences (see 730 ILCS 5/5—5—3.2(b)(1) (West 1996)). The trial court also found that, for purposes of section 5—8—4(a) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5—8—4(a) (West 1996)), defendant's crimes were not committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective. The trial court then turned to section 5—8—4(b) of the Unified Code (730 ILCS 5/5—8—4(b) (West 1996)) and concluded that defendant's "persistent and resolute pattern of criminal behavior" required the imposition of consecutive sentences in order to protect the public from defendant's further criminal conduct. The trial court denied defendant's motion to reconsider his sentence, and defendant filed a timely notice of appeal.

■ Defendant first contends that he must receive a new trial because the trial court failed to appoint a special prosecutor to resolve the conflict of interest that arose as a result of the State's Attorney's personal interest in the store where the crimes occurred. Section 3—9008 of the Counties Code (55 ILCS 5/3—9008 (West 1996)), which governs the appointment of a special prosecutor, provides, in relevant part: "Whenever the State's attorney *** is interested in any cause or proceeding, civil or criminal, which it is or may be his duty to prosecute or defend, the court in which said cause or proceeding is pending may appoint some competent attorney to prosecute or defend such cause or proceeding ***." 55 ILCS 5/3—9008 (West 1996). The provision's purpose is "to prevent any influence upon the discharge of the duties of the State's Attorney by reason of personal interest." *People v. Morley*, 287 Ill. App. 3d 499, 503-04 (1997). The decision to appoint a special prosecutor lies within the trial court's discretion. *Morley*, 287 Ill. App. 3d at 504. The test for deciding whether to appoint a special prosecutor varies depending upon whether the nature of the alleged interest is personal or professional. *Morley*, 287 Ill. App. 3d at 504.

Here, defendant alleges that the Winnebago County State's Attorney, Paul Logli, was interested in this action because Logli's cousins own the store that defendant attempted to rob. Defendant further contends that Logli's interest lay in the fear that an acquittal would allow defendant to sue the store and perhaps recover damages for the injuries he suffered during the scuffle. This interest thus involves Logli's personal relationship with his cousins.

■ When the alleged interest is personal, a defendant must show either (1) that the relationship involves significant emotional ties; or (2) that defendant suffered "actual and substantial prejudice." *People v. Polonowski*, 258 Ill. App. 3d 497, 502 (1994); see also *Baxter v. Peter-*

*lin,* 156 Ill. App. 3d 564, 566 (1987) (party seeking appointment of special prosecutor bears the burden of proving that the State's Attorney is interested in a proceeding). Defendant argues, however, that he does not bear the burden of demonstrating the State's Attorney's interest but, rather, that the State bears the burden of proving that a special prosecutor is not needed. We disagree. The case defendant relies upon, *People v. Courtney,* 288 Ill. App. 3d 1025 (1997), involved an attorney who had previously represented a defendant charged with sexual assault. Subsequently, the attorney withdrew from representing the defendant and was appointed State's Attorney. The attorney served as State's Attorney while his office continued to prosecute the defendant for sexual assault. On appeal, the court held that the trial court should have appointed a special prosecutor. *Courtney,* 288 Ill. App. 3d at 1034. In reaching this conclusion, the court explained that a *per se* conflict of interest arose when the defendant's former attorney was appointed State's Attorney. *Courtney,* 288 Ill. App. 3d at 1032. In light of this *per se* conflict of interest, the court held that the State bore the burden of proving that a special prosecutor should not be appointed. *Courtney,* 288 Ill. App. 3d at 1034.

■ We believe that such a standard is proper when a court faces a *per se* conflict of interest. That, however, is not the situation here. Here, defendant has alleged only that Logli's cousins own the store that defendant attempted to rob. This clearly does not rise to the level of a *per se* conflict of interest. Moreover, defendant has presented no evidence that would support a conclusion that Logli's relationship with the store involves such significant emotional ties that his personal interests influenced the discharge of his duties. Also, defendant has presented no evidence that the alleged interest has caused him actual and substantial prejudice. Indeed, the only evidence that defendant has produced is that the State's Attorney and the store share the same name and that defendant believes that the State's Attorney's cousins own the store. After reviewing the record, we must conclude that the trial court did not abuse its discretion in concluding that a special prosecutor was not needed.

We turn now to defendant's contention that the court erred in imposing consecutive extended-term nine-year sentences. Defendant raises no challenge to the imposition of the extended-term sentences. Sections 5—8—4(a) and 5—8—4(b) of the Unified Code (730 ILCS 5/5—8—4(a), (b) (West 1996)) govern when a trial court may impose consecutive sentences.

■ Section 5—8—4(a) provides, in relevant part, that a court "shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no

substantial change in the nature of the criminal objective." 730 ILCS 5/5—8—4(a) (West 1996). Section 5—8—4(b) allows the court to impose consecutive sentences for crimes that are not governed by section 5—8—4(a), if the court finds that consecutive terms are necessary "to protect the public from further criminal conduct by the defendant." 730 ILCS 5/5—8—4(b) (West 1996). The trial court made the findings required by section 5—8—4(b). Thus, defendant's consecutive sentences are proper unless section 5—8—4(a) precludes the application of section 5—8—4(b). See *People v. Kagan*, 283 Ill. App. 3d 212, 222-23 (1996) (holding that if section 5—8—4(a) applies the court may not impose consecutive sentences pursuant to section 5—8—4(b)).

We must therefore determine whether defendant's crimes were committed as part of a single course of conduct during which there was no substantial change in the nature of his criminal objective. In order to decide this, we must determine whether defendant's acts were independently motivated, or whether they were "part of a course of conduct guided by an 'overarching criminal objective.' " *Kagan*, 283 Ill. App. 3d at 220, quoting *People v. Fritz*, 225 Ill. App. 3d 624, 629 (1992). Consecutive sentences are to be imposed sparingly, and we will modify such sentences if the record does not support their imposition. *Kagan*, 283 Ill. App. 3d at 220.

Here, the jury's verdict clearly shows that defendant's criminal objective was to rob the store. We believe that inherent in any plan to rob a store is also an intention for the robber to escape from the premises with the purloined proceeds. The evidence shows that defendant battered the manager only after he blocked defendant's escape route. Defendant's motivation for striking the manager was not a newly conceived intention to inflict harm, but an attempt to complete his original plan, namely, the robbery of and escape from the store.

In finding that the attempted robbery and the aggravated battery involved a substantial change in defendant's criminal objective, the trial court relied upon *People v. Stokes*, 172 Ill. App. 3d 534 (1988). We find *Stokes* distinguishable. In *Stokes*, the defendant was convicted of armed robbery and attempted murder. The defendant's armed robbery conviction arose from his robbery of a grocery store. The attempted murder conviction arose from his act of shooting at a person several minutes after the armed robbery occurred and after the defendant had already escaped from the store. Both the trial and appellate courts concluded that the removal of the attempted murder from the time and place of the armed robbery indicated a different criminal motivation. *Stokes*, 172 Ill. App. 3d at 536-37. Here, that is not the case. The aggravated assault occurred immediately after and only a few feet from the attempted robbery. Moreover, defendant committed the ag-

gravated battery merely to effectuate his original intent to rob the store and escape from the premises.

In this appeal, the State relies upon *People v. Magnus*, 262 Ill. App. 3d 362 (1994), which we also find distinguishable. In *Magnus*, the defendant's motivation for shooting the first victim arose from his unreasonable belief that such an action was necessary to protect his brother. *Magnus*, 262 Ill. App. 3d at 370. The defendant's motivation for shooting the second victim, however, was his desire to execute a rival gang member. *Magnus*, 262 Ill. App. 3d at 370. Thus, the nature of the defendant's criminal objective was different with regard to each victim.

After the briefing in this action was complete, we granted the State's motion to cite supplemental authority. In its motion, the State asserted that it believed that the supreme court's recent opinion in *People v. Dennis*, 181 Ill. 2d 87 (1998), could offer guidance in deciding this matter. After reviewing *Dennis*, we believe that it addresses an issue different from the one raised here. The question raised in *Dennis* was "whether escape forms a part of the offense of armed robbery for purposes of accountability." *Dennis*, 181 Ill. 2d at 96. In reaching its decision, the court's emphasis was on determining when the offense of armed robbery ended. That, however, is not the question we face. Whether defendant had completed his attempted robbery before he struck the manager does not control our determination of whether the crimes involved a substantial change in the nature of defendant's criminal objective. Even if one crime is completed before a second is started, both may still be part of a single course of conduct without a substantial change in the nature of the criminal objective. See *Kagan*, 283 Ill. App. 3d at 221 (solicitation of murder for hire and attempted murder were part of a single course of conduct). Thus we believe that we need not determine whether defendant's attempted robbery had yet to be completed when he committed aggravated battery.

After reviewing all of the attendant facts, we are unable to agree with the trial court's conclusion that the attempted robbery and the battery were separately motivated crimes. Instead, we believe that the record supports only the conclusion that the attempted robbery and the battery were part of the same course of conduct and that no substantial change in the nature of the criminal objective occurred. Thus, the trial court erred in imposing consecutive sentences. Pursuant to the authority granted by Supreme Court Rule 615(b) (134 Ill. 2d R. 615(b)), we affirm the judgment and modify defendant's sentences to run concurrently rather than consecutively.

The judgment of the circuit court of Winnebago County is affirmed as modified.

Affirmed as modified.

BOWMAN and THOMAS, JJ., concur.