No. 3--03--0102

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2004

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of the 13th Judicial Circuit, 

 ) Grundy County, Illinois,

Plaintiff-Appellee, ) 

 )

v. ) No. 01--CF--135

 ) 

JASON HUMMEL, ) Honorable

                                ) Robert C. Marsaglia

Defendant-Appellant. ) Judge, Presiding

_________________________________________________________________

PRESIDING JUSTICE HOLDRIDGE delivered the Opinion of the court:

_________________________________________________________________

Jason Hummel pled guilty to burglary (720 ILCS 5/19--1(a) (West 2000)) and was convicted of aggravated battery following a bench trial (720 ILCS 5/12-4(a) (West 2000)).  The court sentenced the defendant to an extended term of ten year’s imprisonment for aggravated battery and a consecutive six-year term for burglary.  On appeal, the defendant maintains that, because the two offenses were committed as part of a single course of conduct, the trial court erred in imposing an extended sentence for aggravated battery and a consecutive sentence for burglary.  We affirm. 

On December 2, 2001, the defendant and two female accomplices spent the day stealing items from several grocery and drug stores in the Morris, Illinois area.  At each location, the defendant acted as the getaway driver after his accomplices departed the stores without paying for items they had concealed in their clothing.  

On the last attempt of the day, the accomplices entered the store and placed several small items in their clothing and headed for the exit.  As in the previous capers, the defendant waited inside his car, parked just outside the store, with the engine running.  This time, the security system sounded as the two accomplices exited the store, and they quickly jumped into the car.  Two employees, alerted by the security alarm, chased the two felons out the door.  One of the employees positioned herself in front of the defendant’s car before he could get away.  The defendant shouted at the employee to get out of his way.  The employee refused and insisted that the defendant stop the car.  Instead, the defendant accelerated slowly toward the employee.  The employee stood her ground and was either struck by the car or rolled onto the hood.  Once on the hood, the employee hung onto the hood of the car with each hand.  The defendant then swerved the car back and forth in an attempt to dislodge the employee.  Eventually. the defendant succeeded in dislodging the employee from the hood of the car, and she slid off and struck her head on the pavement.  The defendant then sped away but was stopped only a few blocks away by police who had been alerted by a call from the store.  

Following closing arguments, the defendant was found guilty of aggravated battery of the store employee.  At the sentencing hearing, the trial court found that the two offenses did not occur as part of a single course of conduct.  Thus, the defendant was eligible for an extended-term sentence on the lesser class offense of aggravated battery, and his sentences for aggravated battery and burglary could be ordered to run consecutively.  The trial court denied the defendant’s motion to reconsider his sentence, and the defendant then filed a timely notice of appeal. 

The defendant challenges both the extended-term sentence for the aggravated battery conviction and the imposition of the two sentences consecutively.  

Generally, an extended-term sentence may only be imposed on an offense within the highest class designation of those crimes of which the defendant is convicted.  730 ILCS 5/5-8-2(a) (West 200); 
People v. Jordan
, 103 Ill. 2d 192 (1984).  However, where lesser and greater class offenses are not committed as part of a single course of conduct, an extended term may be imposed on a lesser offense.  
People v. Bell
, 196 Ill. 2d 343 (2001).  Similarly, if multiple offenses were not committed as part of a single course of conduct, the sentences for those offenses may be ordered to run consecutively.  730 ILCS 5/5-8-4(b) (West 2000); 
Bell
, 196 Ill. 2d at 352.  Thus, in the instant matter, both sentencing issues are governed by the same determination: whether the two offenses of which the defendant stands convicted (burglary and aggravated battery) were committed as "part of a single course of conduct."  The trial court held that each crime was not part of a single course of conduct and thus imposed the sentences from which the defendant now appeals.    

The determination of whether a defendant’s actions constitute a single course of conduct is a question of fact for the trial court to determine and a reviewing court will defer to the trial court’s conclusion unless that conclusion is against the manifest weight of the evidence.  
People v. Sergeant
, 326 Ill. App. 3d 974 (2001).  However, consecutive sentences are to be imposed sparingly, and a reviewing court will vacate such sentences if the record does not support their imposition.  
People v. Arrington
, 297 Ill. App. 3d 1, 5 (1998).

In order to determine whether the defendant’s crimes were part of a single course of conduct, a court must determine whether the acts constituting each crime were "independently motivated" or whether each was "part of course of conduct guided by an ‘overarching criminal objective.’"  
Arrington
, 297 Ill. App. 3d at 5, quoting 
People v. Kagan
, 283 Ill App. 3d 212, 220 (1996); see also, 
People v. Fritz
, 225 Ill. App. 3d 624, 629 (1992).      

The defendant maintains that 
Arrington
 controls the instant matter.  In 
Arrington
, the defendant entered a grocery store and attempted to rob a store clerk at gunpoint.  When the clerk foiled the defendant’s robbery attempt, the defendant hurried for the exit.  A store manager attempted to prevent the defendant’s escape, but the defendant struck the manager with the gun as he was attempting to leave the store.  
Arrington
, 297 Ill. App. 3d at 2.  The defendant was convicted of attempted robbery and aggravated battery.  At sentencing, the court concluded that the two offenses were not committed as part of a single course of conduct and thus ordered the defendant’s sentences to run consecutively.  
Arrington
, 297 Ill. App. 3d at 3.  

On appeal, the appellate court reversed, finding that the attempted robbery and the aggravated battery were indeed committed as part of a single course of conduct.  The court noted:

"We believe that inherent in any plan to rob a store is also an intention for the robber to escape from the premises with the purloined proceeds.  The evidence shows that defendant battered the manager only after he blocked defendant’s escape route.  Defendant’s motivation for striking the manager was not a newly conceived intention to inflict harm, but an attempt to complete his original plan, namely, the robbery of and escape from the store."  
Arrington
, 297 Ill. App. 3d at 5.

Here, there are some similarities to 
Arrington
.  The evidence shows that the defendant herein, just like the defendant in 
Arrington
, battered the employee only after she blocked the defendant’s escape route.  However, we cannot agree with the court’s conclusion in 
Arrington
 that any acts committed while a defendant is attempting to escape from the scene of a robbery is necessarily part of the same overarching criminal objective.  Rather, we find that one must look to the circumstances of the occurrence to determine whether the objective changed when the use of force became necessary in order to effectuate the escape.  
See, 
People v. Harris
, 39 Ill. App. 3d 1043, 1052-53 (1976) (substantial change in criminal objective occurs where shoplifting suspect employs violence to avoid apprehension).

 In 
Harris
, the defendant committed a battery of a security officer who confronted Harris leaving a department store without paying for products concealed in a shopping bag.  As in the instant matter, the confrontation between suspect and employee occurred just outside the entrance to the store.  
Harris
, 39 Ill. App. 3d at 1045.  When the security guard confronted Harris, he stuck the guard in the face and fled on foot.  Harris was later apprehended a few blocks from the store.  He was convicted of theft and battery, with sentences to run concurrently.  
Harris
, 39 Ill. App. 3d at 1045.  

Although the issue in 
Harris
 was not whether the defendant’s battery and theft were committed as part of a single course of conduct for purposes of determining the applicability of consecutive sentences, the court nonetheless addressed the question, albeit in 
dicta
.         

"In our case the defendant’s original objective was to shoplift some merchandise from the store.  Shoplifting is a crime of stealth and not of violence where the perpetrator intends to take merchandise without the owner’s knowledge rather than to take it by force which would lead to his identification. * * * We are of the opinion that the battery inflicted upon [the security guard] resulted from a ‘substantial change in the nature of the criminal objective’ and was a departure from a ‘single course of conduct’ 
* * * " 
Harris
, 39 Ill. App. 3d at 1052 (citing 
People v. Williams
, 60 Ill. 2d 1, 15 (1975) (robbers who killed armed victim to avoid apprehension departed from a single course of conduct and were thus properly given consecutive sentences for armed robbery and murder).   

Here, we are convinced that there was a substantial change in the criminal objective of the defendant at the point the employee blocked the defendant’s car.  We find that the battery was a departure from the single course of conduct surrounding the burglary.  The manifest weight of the evidence indicates that the defendant’s original objective was to stealthily obtain items of merchandise from the store, without the need for confrontation or violence.  Once the defendant’s cohorts were discovered and the store employees gave chase, the objective changed from merely avoiding detection to avoiding apprehension. See, 
Williams
, 60 Ill. 2d at 15.  More significantly, once the store employee placed herself in front of the defendant’s car and refused the defendant’s command to let him pass, the defendant’s actions were directed specifically at that individual rather than at the store he had intended to rob. At that point, if not before, the defendant’s course of conduct in committing the battery was unrelated to the objective in committing a burglary against the store.    

For the foregoing reasons, the judgment of the Grundy County circuit court is affirmed.  

Affirmed.  

SCHMIDT and LYTTON, JJ., concur.