(No. 42419.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LARRY SIRINSKY, Appellant.

*Opinion filed December 4, 1970.*

ROBERT S. BAILEY and HARVEY B. BASS, both of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (MORTON F. FRIEDMAN, Assistant Attorney General, and ROBERT A. NOVELLE and JAMES S. VELDMAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

The defendant was found guilty in the circuit court of Cook County of operating a motor vehicle on November 28, 1966, while under the influence of intoxicating liquor in violation of section 47 of the Uniform Act Regulating Traffic (U.A.R.T.). (Ill. Rev. Stat. 1967, ch. 95½, par. 144.) A fine of $100 was imposed and on appeal to the Appellate Court, First Judicial District, the judgment of the circuit court was affirmed. (*People* v. *Sirinsky,* 110 Ill. App. 2d 338.) We have granted the defendant's petition for leave to appeal.

The background of the question appearing here was described in the appellate court's opinion:

"The traffic citation, which stood as the complaint against defendant at trial, was issued to him by a City of Evanston police officer for the traffic violation which occurred in that city. Although the citation form bore an open square whereby the 'People of the State of Illinois' could have been designated as the plaintiff, the officer checked the square next to 'City of —————, a Municipal Corporation,' and wrote in the word 'Evanston' as the plaintiff. Thus, when read in its pertinent portions consecutively, the complaint reads, 'City of Evanston, a Municipal Corporation, Plaintiff, vs. Sirinsky, Larry A., Defendant, * * * did then drive and operate a certain motor vehicle upon a public highway of this State, Howard Street, situated within the Village or Town or City, County and State aforesaid, and did then and there unlawfully violate section 47 U.A.R.T., State of Illinois, by (describe) Driving under influence of intoxicating beverage.' The citation form also contained an open square whereby the violation of a 'Local Ordinance' could have been designated instead of the State statute.

"Except for the appearance of counsel filed on behalf of the defendant, which left blank the space where the name of plaintiff in the action is normally inserted, all matters in the record of this case are entitled 'The People of the State of

Illinois' as the plaintiff. These include the placita, three continuance orders granted at the instance of the defendant, a jury waiver filed by the defendant, motions for a new trial and in arrest of judgment (wherein defendant states, inter alia, that he was not found guilty beyond a reasonable doubt), and a report of proceedings prepared and presented to the trial judge by the defendant, inasmuch as the trial evidence was not recorded by a reporter or voice recorder. All references in the common-law record to the prosecuting attorney are to the State's Attorney of Cook County and the case was actually tried by an assistant state's attorney. * * * It is apparent that defendant was aware that he was to be tried in a complaint prosecuted by the People of the State of Illinois and that the trial proceeded accordingly."

The defendant contends that the complaint was fatally defective in that it was brought in the name of the city of Evanston for a violation of the Uniform Act Regulating Traffic, which is, of course, a State statute. Thus, it is said, he was not sufficiently informed of the charges against him and the defect in the caption of the complaint hindered the preparation of his defense and failed to protect him against future jeopardy through a second prosecution. An offense charged must be sufficiently set forth so that the accused is apprised of the charge against him, enabled properly to prepare his defense and use any judgment against him as a bar to a future prosecution for the same offense. (*People* v. *Griffin*, 36 Ill.2d 430; *People* v. *Beeftink*, 21 Ill.2d 282.) It will be sufficient if an indictment or complaint charges the offense in the language of the statute "when the words of the statute so far paricularize the offense that by their use alone an accused is apprised with reasonable certainty of the precise offense with which he or she is charged." *People* v. *Patrick*, 38 Ill.2d 255, 258.

Ignoring the miscaption for the moment, the body of the complaint here adequately informed the defendant of the charge against him. It cited the section of the statute

which the defendant was charged to have violated and the charge was substantially in the language of the statute, which says insofar as is pertinent here: "(a) No person who is under the influence of intoxicating liquor may drive or be in actual physical control of any vehicle within this State." (Ill. Rev. Stat. 1967, ch. 95½, par. 144(a).) The street on which the violation allegedly occurred and the date of the violation appeared in the complaint. The complaint provided the defendant with sufficient information of the charge against him to enable him to know the charge, to prepare his defense and to protect against a second prosecution.

We consider the irregularity in the caption of the complaint of no significance here. It has been held that the caption of a charging pleading, whether an indictment, information or a complaint, forms no part of the pleading and defects in the caption will not invalidate it. (*People* v. *Williams*, 37 Ill.2d 521, 524; *People* v. *Shaw*, 300 Ill. 451, 452.) It is the body of the indictment information or complaint, rather than the caption, which must state the elements of the offense with which the defendant is charged. (*People* v. *Sellers*, 30 Ill.2d 221.) Where the caption varies from the body of the pleading, as here, it will be the body that controls. (*People* v. *Williams*, 37 Ill.2d 521, 524.) Here, the body of the complaint adequately advised the defendant of the offense charged.

The defendant maintains, too, that the appellate court erred when, on its own motion, it ordered the caption of the complaint amended to reflect the People of the State of Illinois rather than the city of Evanston as the charging party. As authority for amending the appellate court relied on Supreme Court Rule 362(f) which provides: "The reviewing court may, of its own motion, before or after submission of the case for decision, order amendment [of the pleadings] to be made." (Ill. Rev. Stat. 1969, ch. 110A, par. 362(f).) Although the Rule is a rule of civil appeals we cannot say

under the circumstances that its application was inappropriate. The irregularity in the caption was sheerly a formal one; the act of amendment, rather than prejudicing the defendant, regularized the record and, though not required, served to remove the defendant's concern of the possibility of a second prosecution.

For the reasons given, the judgment of the Appellate Court, First Judicial District, is affirmed.

*Judgment affirmed.*