THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID TANNENBAUM, Defendant-Appellant.

Second District   No. 2—90—1421

Opinion filed August 30, 1991.

David Tannenbaum, of Beach Park, appellant *pro se.*

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DUNN delivered the opinion of the court:

Defendant, David Tannenbaum, appeals from the entry of the *nolle prosequi* of a traffic charge filed against him. Since an order granting the State's motion for a *nolle prosequi* is interlocutory rather than final, defendant may not appeal the order. We therefore dismiss the appeal.

On July 3, 1990, defendant was charged by uniform citation and complaint with improper lane usage (Ill. Rev. Stat. 1989, ch. 95½, par. 11—709). Defendant filed various motions seeking to dismiss the charge or to quash the complaint for lack of proper verification. On October 26, 1990, the trial court denied defendant's motion to dismiss and found that the citation complied with verification requirements.

On November 2, 1990, defendant filed a motion to reconsider the denial of his motion to quash, and the motion was denied on November 8, 1990. On November 16, 1990, defendant moved to set aside the complaint, again raising the issue of inadequate verification. The minute order in the record dated November 28, 1990, indicates that the State's motion to nol-pros was granted. However, the agreed statement of facts indicates that the hearing actually took place on November 26 and that defendant expressly indicated that he had no objection to the *nolle prosequi.*

On December 10, 1990, defendant filed a motion to amend or vacate the order of November 26. Although defendant was to present this motion on December 17, 1990, the record does not show whether he did so, or whether any action was taken on the motion. Instead, the record shows that, on December 17, defendant filed a notice of appeal from the *nolle prosequi.*

Defendant raises three issues for review: that it was error for the trial court (1) to deny his motions to quash and to reconsider; (2) to allow the matter to be set for trial; and (3) to grant the State's motion to nol-pros the charge. The State has filed a motion to dismiss the appeal, arguing without citation to authority directly on point, that the entry of a *nolle prosequi* is unappealable. Additionally, the State has moved to strike portions of defendant's reply brief for presenting matters not of record. Defendant has filed objections to both motions, but has not adequately addressed the matter of our jurisdiction to hear this appeal.

A reviewing court has a duty to consider its jurisdiction and to dismiss an appeal if jurisdiction is wanting. (*Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 440.) This court has not had occasion to address the appealability of a *nolle prosequi* in the circumstances presented here. In a case cited by neither party, our supreme court has made it clear that an order granting the State's motion for a *nolle prosequi* is interlocutory and that a defendant cannot appeal from such a nonfinal order. (*People v. Woolsey* (1990), 139 Ill. 2d 157, 163. But see *People v. Zeigler* (1982), 106 Ill. App. 3d 783, 784.) The entry of a *nolle prosequi* is not a final disposition of a case; it is a procedure which reverts the matter to the same condition which existed before the commencement of the prosecution. (*Woolsey*, 139 Ill. 2d at 163, citing *People v. Watson* (1946), 394 Ill. 177, 179.) The effect of a *nolle prosequi* is to dismiss the charging instrument and to permit the defendant to be free without entering into a recognizance to appear when called. The procedure does not bar subsequent prosecution for the same offenses if it is entered before jeopardy has attached. *Woolsey*, 139 Ill. 2d at 163.

No criminal charge remains pending against the defendant when a charge is nol-prossed, and the State must file a new charging instrument to reinstate its prosecution. (*Woolsey*, 139 Ill. 2d at 168.) However, a trial court may not permit the State to use the *nolle prosequi* to obstruct a defendant's right to a speedy trial, and the court should first consider a potentially dispositive defense motion, such as a motion to dismiss on speedy trial grounds, before allowing the State to nol-pros the charging instrument. (*Woolsey*, 139 Ill. 2d at 171.) There is no such claim in the case at bar. Here, the trial court twice ruled on defendant's motion to dismiss and found the charging instrument adequate. Defendant then agreed to the *nolle prosequi*, thereby waiving any further objection to its entry. Since there is no final and appealable order for us to review, we conclude that we have no jurisdiction to consider the merits of defendant's arguments.

Accordingly, the State's motion to dismiss the appeal is allowed, and the motion to strike portions of defendant's reply brief is mooted.

Appeal dismissed.

UNVERZAGT and McLAREN, JJ., concur.