THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARK MARTIN, Defendant-Appellant.

Fourth District   No. 4—93—0278

Argued August 16, 1994.—Opinion filed September 15, 1994.

Daniel D. Yuhas and Lawrence J. Essig (argued), both of State Appellate Defender's Office, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Norbert J. Goetten, Robert J. Biderman, and Denise M. Ambrose (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In April 1991, defendant, Mark Martin, struck and killed three pedestrians while driving his pickup truck. In January 1993, a jury found defendant guilty of three counts of reckless homicide (Ill. Rev. Stat. 1991, ch. 38, par. 9—3(a)), two counts of driving while under the influence of alcohol (DUI) (Ill. Rev. Stat. 1991, ch. 95½, pars. 11—501(a)(1), (a)(2)), and one count of leaving the scene of an accident (Ill. Rev. Stat. 1991, ch. 95½, par. 11—401(a)). In March 1993, the trial court entered judgment on reckless homicide and leaving the scene of the accident, and sentenced defendant to 14 years in prison on

each of the reckless homicide counts and 364 days on the leaving the scene of an accident count, all to be served concurrently.

Defendant appeals, arguing that the trial court erred by (1) failing to hold the reckless homicide statute unconstitutional; (2) permitting the State to file additional charges after the statute of limitations expired; (3) granting the State's motion to nol-pros; (4) admitting his statements; (5) permitting the State's late disclosure of an expert witness; (6) admitting certain testimony from an expert witness; (7) admitting testimony regarding accident reconstruction testimony, photographs, and breathalyzer evidence; and (8) instructing the jury as to proximate causation.

We affirm.

## I. BACKGROUND

The material in this section is not to be published pursuant to Supreme Court Rule 23. Official Reports Advance Sheet No. 15 (July 20, 1994), R. 23, eff. July 1, 1994.

## II. ANALYSIS

### A. *Constitutionality of the Reckless Homicide Provision*

The material in this section is not to be published pursuant to Supreme Court Rule 23.

### B. *Statute of Limitations*

Defendant next argues that he was improperly charged with DUI and leaving the scene of an accident. He contends that the State impermissibly charged him with these offenses after the applicable statute of limitations expired. We disagree.

When the State originally charged defendant with reckless homicide in April 1991, it dismissed traffic citations for DUI and leaving the scene of an accident in favor of the new felony charges. In January 1993, the State dismissed those reckless homicide charges, and then refiled the case, including counts of DUI and leaving the scene of an accident in addition to the identical three counts of reckless homicide. On the day of trial, the court *sua sponte* raised the issue of whether the statute of limitations barred the three additional counts. The State moved to amend them to include an allegation setting forth one of the statutory exceptions to the misdemeanor statute of limitations. (See Ill. Rev. Stat. 1991, ch. 38, par. 3—7(c).) The trial court, over defendant's objection, allowed the amendment alleging that the 18-month statute of limitations had been tolled. Defendant now contends that the trial court committed reversible error in doing so.

A prosecution for misdemeanor DUI or leaving the scene of an accident normally must be commenced within 18 months of the commission of the offense. (Ill. Rev. Stat. 1991, ch. 38, par. 3—5(b).) However, section 3—7(c) of the Criminal Code of 1961 (Criminal Code) provides as follows:

"The period within which a prosecution must be commenced does not include any period in which:

* * *

(c) A prosecution is pending against the defendant for the same conduct, even if the indictment or information which commences the prosecution is quashed or the proceedings thereon are set aside, or are reversed on appeal." Ill. Rev. Stat. 1991, ch. 38, par. 3—7(c).

At trial and on appeal, the State contends that the misdemeanor statute of limitations was tolled during the pendency of the original case charging reckless homicide. Defendant responds that during that entire 20-month period no charges for DUI or leaving the scene of an accident were pending; indeed, defendant notes that the initial complaints charging those offenses were dismissed in April 1991 in favor of the reckless homicide counts. At trial, the State argued that "[t]he key element is whether or not there was a prior proceeding that involved the same conduct for which the subsequent charges are based." Defendant, while not waiving his objection to amending the DUI counts, specifically noted that the State had not previously charged the offense of leaving the scene of an accident. The trial court then found as follows:

"It is not a matter of alleging it. They [the State] can allege new offenses at this point and time and bring them within the statute of limitations because as I read section 3—7(c) [of the Criminal Code], it says a prosecution is pending against the defendant for the same conduct."

For the reasons that follow, we agree with the trial court's analysis of the law.

■ In *People v. Morris* (1990), 135 Ill. 2d 540, 545-46, 554 N.E.2d 150, 152-53, the supreme court held that the term "conduct" as used in section 3—7(c) of the Criminal Code is broader than the term "acts." It noted that conduct is defined by the Criminal Code as " 'an act or a series of acts.' " (Emphasis omitted.) (*Morris*, 135 Ill. 2d at 545-46, 554 N.E.2d at 152-53, quoting Ill. Rev. Stat. 1987, ch. 38, par. 2—4; see Ill. Rev. Stat. 1991, ch. 38, par. 2—4.) Accordingly, section 3—7(c) applies to the entire course of conduct surrounding the acts constituting the offense for which a defendant is charged. As a result, section 3—7(c) tolls the statute of limitations for criminal conduct

that may have been previously uncharged but is encompassed within other charged offenses arising out of the same conduct. *Morris*, 135 Ill. 2d at 545-46, 554 N.E.2d at 152-53.

In this case, defendant was charged with three counts of reckless homicide arising out of the April 1991 accident. When the State dismissed that case in January 1993, and subsequently refiled three counts of reckless homicide as well as the three additional counts, section 3—7(c) of the Criminal Code tolled the statute of limitations for all potential offenses arising out of that accident. Thus, we hold that because the acts underlying these three charges arose out of the same conduct alleged in the reckless homicide counts, the State could properly charge defendant with those offenses as well, regardless of the fact that it declined to charge him with them previously. As a result, the trial court did not err in allowing the State to charge defendant with the three additional offenses.

Defendant also makes a vague argument that the trial court erred in permitting the State to amend the charges "at the last hour" to include the language setting forth the allegation tolling the statute of limitations. Section 111—5 of the Code of Criminal Procedure of 1963 (Procedural Code) (Ill. Rev. Stat 1991, ch. 38, par. 111—5) provides that a charging instrument may be amended at any time to correct formal defects. (*People v. House* (1990), 202 Ill. App. 3d 893, 904-05, 560 N.E.2d 1224, 1232.) If the amendment does not involve a material change in the allegations contained in the original charging instrument, the amendment is merely technical in nature and constitutes a formal defect within the meaning of section 111—5. Furthermore, a defendant's lack of surprise by the amendment strengthens the finding that the amendment is merely technical. (*House*, 202 Ill. App. 3d at 904-05, 560 N.E.2d at 1232.) Where the defendant is neither surprised nor prejudiced, the trial court commits no error in allowing the State to amend the charging instrument. *People v. Bae* (1988), 176 Ill. App. 3d 1065, 1077, 531 N.E.2d 931, 939.

In *House*, the State amended the charging instrument from alleging a misdemeanor offense to conduct constituting a felony offense. On appeal, the court held that the amendment was merely technical because it did not change the underlying allegations of the defendant's conduct, but rather made them more specific by including allegations of acts that constituted a felony offense. Also, the defendant admitted that he was not surprised by the amendment. In holding that the trial court properly allowed the amendment to the information, the court concluded that the "amendment did not change the substance of the original charge." *House*, 202 Ill. App. 3d at 906, 560 N.E.2d at 1233.

■ In this case, the State moved to amend the three additional counts of the information to include allegations tolling the statute of limitations. Accordingly, the amendment did not change the substance of the original charge. (See *House*, 202 Ill. App. 3d at 906, 560 N.E.2d at 1233.) Moreover, defendant stipulated at trial that "the charges of leaving the scene of an accident *** [and DUI] arise out of the same course of conduct as the charges of reckless homicide." Thus, defendant was neither surprised nor prejudiced by this amendment, and we hold that the trial court accordingly committed no error in permitting it. See *House*, 202 Ill. App. 3d at 906, 560 N.E.2d at 1233; *Bae*, 176 Ill. App. 3d at 1077, 531 N.E.2d at 939.

Further, we note that section 11—501(d) of the Illinois Vehicle Code (Vehicle Code) (Ill. Rev. Stat. 1991, ch. 95 1/2, par. 11—501(d)) provides that a DUI resulting in death or great bodily harm constitutes a felony offense. In this case, defendant's drunk driving resulted in three fatalities. Thus, his conduct clearly comes within the scope of section 11—501(d) of the Vehicle Code.

However, the State charged defendant with DUI pursuant to sections 11—501(a)(1) and (a)(2) of the Vehicle Code, which set forth the offense of DUI as a Class A misdemeanor. (See Ill. Rev. Stat. 1991, ch. 95 1/2, pars. 11—501(a)(1), (a)(2).) Also, at the end of the trial, the court instructed the jury and submitted verdict forms for the corresponding types of misdemeanor DUI.

It is well settled that various counts of a charging instrument can be read together, so that elements contained in one count are transferrable to complete and make valid charges contained in another. Here, the three counts charging defendant with reckless homicide clearly included allegations that defendant's conduct resulted in death. For some reason, however, the two counts charging DUI did not allege that defendant's conduct resulted in either death or great bodily harm. Nevertheless, the State could have argued—and the trial court could have found—that considering the information as a whole, the DUI counts included the allegations that defendant's conduct resulted in death, thereby bringing his conduct within the felony provisions of section 11—501(d) of the Vehicle Code. If those counts are considered to charge felony DUI, then clearly no statute of limitations problem arises. Accordingly, even though the trial court did not base its ruling upon these grounds, we find no error in including the counts charging DUI in the information or presenting them to the jury. See *People v. Collins* (1991), 214 Ill. App. 3d 98, 104, 573 N.E.2d 346, 350 (this court may affirm on any basis appearing in the record).

## C. *The State's Motion to Nol-pros*

Defendant next argues that the trial court erred in granting the State's motion to nol-pros the charges pending January 11, 1993. Defendant argues that the trial court (1) erred because it did not recognize its discretion regarding the State's motion to nol-pros, or alternatively (2) abused its discretion in granting the motion.

The State enjoys the absolute discretion to both commence a prosecution and to nol-pros a charge. (*People v. Stuckey* (1992), 231 Ill. App. 3d 550, 562, 596 N.E.2d 646, 654-55.) The State can move to nol-pros a case when, in its sole judgment, the prosecution should not continue for any reason. (*People v. Woolsey* (1990), 139 Ill. 2d 157, 164, 564 N.E.2d 764, 766.) However, the State may not use a motion to nol-pros to obstruct a defendant's right to a speedy trial. *People v. Tannenbaum* (1991), 218 Ill. App. 3d 500, 502, 578 N.E.2d 611, 612.

When the State moves to nol-pros a case, the trial court must grant the motion "unless it is persuaded that the prosecutor's action is capricious or vexatiously repetitious or that the entry of a *nolle prosequi* will prejudice the defendant." (*Woolsey*, 139 Ill. 2d at 164, 564 N.E.2d at 766.) Accordingly, we hold that a defendant therefore carries the burden (1) to object to the State's motion to nol-pros, and (2) to persuade the trial court that the motion is capricious or vexatiously repetitious. Thus, if the defendant fails to object to the motion, the State is entitled to have its motion to nol-pros granted as a matter of law. On the other hand, if the defendant objects to the motion, the trial court must determine whether "the prosecutor's action is capricious or vexatiously repetitious or that the entry of a *nolle prosequi* will prejudice the defendant" (*Woolsey*, 139 Ill. 2d at 164, 564 N.E.2d at 766), the *sole* ground upon which the court could deny the State's motion.

■ Here, the trial court called the case for trial on January 11, 1993, and *both* parties moved for a continuance. After the court denied the parties' motions, the State moved to nol-pros the case, and the trial court granted that motion. Defendant argues, and the State concedes, that the nol-pros motion was, at least partially, motivated by a desire to avoid beginning trial that day despite the court's denial of the motions for a continuance.

Both defendant and the State, for their own purposes, sought a continuance. When the trial court denied their motions, the State achieved the same end through its use of the motion to nol-pros. However, in addition to achieving its own end, the State's motion also achieved defendant's goal. Because he wished the same result—the continuance that the State's motion to nol-pros caused—defendant did not object to the State's motion. Because he did not object, the trial court was required to grant the motion to nol-pros.

### D. *The Motion to Suppress Defendant's Statement*

The material in this section is not to be published pursuant to Supreme Court Rule 23.

### E. *The State's Failure To Disclose A Key Expert Witness Until the Second Day of Trial*

The material in this section is not to be published pursuant to Supreme Court Rule 23.

### F. *The Foundation and Scope of the Expert Witness' Testimony*

The material in this section is not to be published pursuant to Supreme Court Rule 23.

### G. *Admission of Reconstruction, Photographic and Breathalyzer Evidence*

The material in this section is not to be published pursuant to Supreme Court Rule 23.

### H. *The Jury Instruction on Proximate Cause*

Defendant last argues that the trial court erred by instructing the jury on proximate cause. He asserts that the court improperly relied upon the committee note to Illinois Pattern Jury Instructions, Criminal, No. 23.28A (3d ed. 1992) (hereinafter IPI Criminal 3d), that explains why IPI Criminal 3d does *not* contain an instruction on proximate cause.

The State charged defendant with three counts of reckless homicide, two counts of DUI, and leaving the scene of an accident. Section 11—501(d)(3) of the Vehicle Code states as follows:

"(d) Every person convicted of committing a violation of this Section shall be guilty of aggravated [DUI] *** which shall be a Class 4 felony if:

* * *

(3) such person in committing a [DUI] was involved in a motor vehicle accident which resulted in great bodily harm or permanent disability or disfigurement to another, *when such violation was the proximate cause of such injuries.*" (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501(d)(3).)

In the absence of this aggravating factor, defendant's conviction would be a Class A misdemeanor, not a Class 4 felony. See Ill. Rev. Stat. 1991, ch. 95½, par. 11—501(c).

At the State's request—and over defendant's objection—the trial court instructed the jury as follows:

"The expression 'proximate cause,' means any cause which, in

the natural or probable sequence, produced the death or great bodily harm complained of. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the death or great bodily harm."

The State argued to the trial court that this instruction was necessary because "the young people [who] were killed in this case were on the road, and it is important that the jury understand the fact that just because [they were there] does not necessarily mean that the defendant is innocent or that [the jury] cannot find him guilty." The State further contended that "the jury needs *** to be made aware [that] the conduct of the victims is not necessarily a defense."

On appeal, the State renews this argument, describing the three victims as "walking on the wrong side of the road at night [and] struck from behind." Thus, the State argues, "it was essential that the jury understand that the victims' presence on the road, although contributing to the accident, would not preclude a finding that defendant's conduct also caused [the victims'] deaths."

The relevant portions of the committee note to IPI Criminal 3d No. 23.28A, which was the basis for the instruction given, read as follows:

"[Section 11—501(d)(3) of the Vehicle Code] provides that a violation of Section 11—501(a) is increased from a Class A misdemeanor to a Class 4 felony when the violation is the proximate cause of great bodily harm, permanent disability, or permanent disfigurement to another. The statute creating this enhancing factor does not define the term 'proximate cause' nor does it indicate whether the term should be given the same construction it receives in civil cases.

IPI-Civil Instruction 15.01 defines the term 'proximate cause' as follows:

15.01 Proximate Cause—Definition

When I use the expression 'proximate cause', I mean [that] [a] [any] cause which, in natural or probable sequence, produced the injury complained of. [It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.]

Although the Committee takes no position on the propriety of using IPI-Civil Instruction 15.01, the Committee does note that, as a general proposition, courts have treated the concepts of legal causation in criminal cases and tort cases in a similar manner. [Citations.] If the [trial] court chooses to give IPI-Civil Instruction 15.01, the following modified version is suggested if consistent with the facts of the particular case:

The term 'proximate cause' means [(that) (a) (any)] cause which, in natural or probable sequence produced the [(great bodily harm) (permanent disability) (permanent disfigurement)].

Since it is not always necessary that a defendant's acts be the sole and immediate cause of injury in order for criminal liability to attach, [citation], there may be some situations where the bracketed second and third sentences of IPI-Civil Instruction 15.01 can be adapted for use in criminal cases. The Committee, however, urges caution when considering the modification and incorporation of the second and third sentences into a criminal instruction defining proximate cause. The Committee believes caution is required because the degree of responsibility necessary to justify imposing civil liability in cases of multiple or intervening causes may not be equivalent to the degree of responsibility necessary to impose criminal liability in such situations. The different nature of the consequences accompanying a criminal finding against a defendant may, at least in some cases, necessitate a different standard of causation. [Citation.]

For a discussion concerning the relationship between the bracketed and unbracketed sentences in IPI-Civil Instruction 15.01 in the context of civil cases, see Comment to IPI-Civil Instruction 15.01 ***." IPI Criminal 3d No. 23.28A, Committee Note, at 251-52.

### 1. The State's Burden of Proof Regarding Section 11—501(d)(3) of the Vehicle Code

■ We first address whether the aggravating factor set forth in section 11—501(d)(3) of the Vehicle Code—raising a DUI conviction from a Class A misdemeanor to a Class 4 felony if the DUI "was the proximate cause" of great bodily harm or permanent disability or disfigurement to another—is an issue which must be submitted to, and resolved by, the trier of fact. In other words, is the existence of this aggravating factor to be merely noted by the trial court at sentencing, as it notes those factors which it may consider under section 5—5—3.2(b) of the Unified Code of Corrections (Unified Code) (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3.2(b)) as reasons to impose an extended-term sentence? The IPI Criminal Committee, in its committee note to IPI Criminal 3d No. 23.28A, appears to assume that the aggravating factor in section 11—501(d)(3) of the Vehicle Code must be proved to the satisfaction of the trier of fact. We agree with that position, and for the reasons that follow, we hold that the State must prove beyond a reasonable doubt the presence of the aggravating factor in section 11—501(d)(3) of the Vehicle Code in order to render a defendant eligible to be sentenced as a Class 4 felon.

In so holding, we note distinctions between the language of section 11—501(d)(3) of the Vehicle Code and section 5—5—3.2(b) of the Unified Code as well as the nature of the issue. Section 5—5—3.2(b) of the Unified Code speaks of factors which "may be considered *by the court* as reasons to impose an extended[-]term sentence." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3.2(b).) In contrast, section 11—501(d)(3) of the Vehicle Code makes no reference to the *court's* considering or finding the aggravating factor contained therein. Further, we note that the aggravating factors contained within section 5—5—3.2(b) of the Unified Code tend to concern historical matters about which dispute is unlikely, such as a defendant's prior criminal record or the age of the victim. On the other hand, section 11—501(d)(3) of the Vehicle Code deals with an issue—proximate cause—which historically has been a factual matter to be resolved by the trier of fact.

### 2. Proximate Cause in a Criminal Case

●5 Quoting the committee note to IPI Criminal 3d No. 23.28A, defendant argues as follows:

> "[T]he degree of responsibility necessary to justify imposing civil liability in cases of multiple or intervening causes may not be equivalent to the degree of responsibility necessary to impose criminal liability in such situations. The different nature of the consequences accompanying a criminal finding against a defendant may, at least in some cases, necessitate a different standard of causation."

The committee note cites Professor LaFave's treatise in support of this argument. (See W. LaFave & A. Scott, Substantive Criminal Law § 3.12, at 396-97 (1986) (hereinafter LaFave).) However, we disagree with defendant's argument and with the IPI Criminal Committee's caution and hold that the instruction defining proximate cause used in this case, based upon the committee note to IPI Criminal 3d No. 23.28A, was properly given.

The State here was validly concerned the jury might believe that, under the law, the victims' walking on the wrong side of the road at night might preclude its finding that defendant's conduct also caused their death. Such a belief would clearly be inconsistent with Illinois law. (See *People v. Brackett* (1987), 117 Ill. 2d 170, 176, 510 N.E.2d 877, 880 (intervening cause must be completely unrelated to the defendant's acts in order to relieve him of criminal liability; the defendant may be convicted of murder when his criminal acts have contributed to a person's death; the defendant's acts need not be the sole and immediate cause of death).) We also note the following from Professor LaFave's treatise:

"The most obvious difference \*\*\* between the [criminal and tort law regarding proximate causation] is that in tort law the defendant may be held responsible for harms different than those actually risked by his conduct, while this is generally not the [case] in the criminal law." (LaFave, § 3.12, at 397-98.)

However, in the case of a defendant convicted of DUI, the law holds him accountable for precisely those harms actually risked by his conduct—namely, that he might seriously injure pedestrians on or next to the roadway, or that he might crash his vehicle into other vehicles on the roadway, seriously injuring their occupants. All of this is fully foreseeable, and no stretch of logic is required to view the injuries caused as those actually risked by the conduct of driving drunk.

In rejecting defendant's argument that the trial court committed error by giving this instruction on proximate cause, we have further considered IPI Criminal 3d No. 7.15, entitled, "Causation in Homicide Cases," which provides (including the relevant portions of the committee note) as follows:

"In order for you to find that the acts of the defendant caused the death of _____, the State must prove beyond a reasonable doubt that defendant's acts were a contributing cause of the death and that the death did not result from a cause unconnected with the defendant. However, it is not necessary that you find the acts of the defendant were the sole and immediate cause of death.

Committee Note

In recent years, several homicide cases have been reviewed in the appellate court in which the issue of causation has arisen. [Citations.]

The Committee recommends that this instruction be given whenever causation is an issue.

Insert in the blank the name of the alleged victim." IPI Criminal 3d No. 7.15, at 174.

We note that the instruction defining proximate cause given by the trial court in this case is quite similar to IPI Criminal 3d No. 7.15. Indeed, one might argue that—from a defendant's point of view—IPI Criminal 3d No. 7.15 is less favorable. We mention IPI Criminal 3d No. 7.15 because defendant was charged with a homicide offense, and—arguably—causation might be viewed as an issue in this case. The committee note to IPI Criminal 3d No. 7.15 "recommends that this instruction be given whenever causation is an issue." Thus, had the State so requested, it would have been entitled to have the court instruct the jury in accordance with IPI Criminal 3d No. 7.15.

The only real difference between IPI Criminal 3d No. 7.15 and the instruction on proximate cause used in this case (based upon the committee note to IPI Criminal 3d No. 23.28A) is that the latter instruction uses the term "proximate cause" while the former does not. However, in the context of this case, we view that difference as essentially insignificant, and we hold that defendant failed to show how he was prejudiced by the trial court's use of the instruction contained in the committee note to IPI Criminal 3d No. 23.28A.

## IV. CONCLUSION

For the reasons stated, we affirm the judgment of the trial court.

Affirmed.

McCULLOUGH, P.J., and LUND, J., concur.