692 N.E.2d 407 (1998)
295 Ill. App.3d 122
229 Ill.Dec. 634
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Gomecindo TELLEZ-VALENCIA, Defendant-Appellant.
No. 2-97-0853.
Appellate Court of Illinois, Second District.
March 20, 1998.
Rehearing Denied April 17, 1998.
*408 G. Joseph Weller, Deputy Defender (Court-appointed), Barbara R. Paschen, Office of the State Appellate Defender, Elgin, for Gomecindo Tellez-Valencia.
Michael J. Waller, Lake County State's Attorney, Waukegan, Martin P. Moltz, Deputy Director, Richard S. London, State's Attorneys Appellate Prosecutor, Elgin, for the People.
Justice McLAREN delivered the opinion of the court:
The defendant, Gomecindo Tellez-Valencia, seeks a summary reversal of his conviction of two counts of predatory criminal sexual assault of a child as enacted by Public Act 89-428. Pub. Act 89-428, art. 2, § 260, eff. December 13, 1995 (codified in pertinent part at 720 ILCS 5/12-14.1 (West 1996)). Our supreme court declared Public Act 89-428 unconstitutional as violative of the single subject rule. Johnson v. Edgar, 176 Ill.2d 499, 224 Ill.Dec. 1, 680 N.E.2d 1372 (1997). We reverse.
On December 13, 1995, Public Act 89-428 was enacted into law. Article 2, section 260, created the offense of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1 (West 1996)). On May 7, 1996, a Cook County circuit court declared Public Act 89-428 unconstitutional in its entirety because it violated the single subject rule contained in article IV, section 8(d), of the Illinois Constitution. Ill. Const. 1970, art. IV, § 8(d). The defendant was charged by information with four counts of aggravated criminal sexual assault. 720 ILCS 5/12-14 (West 1996). On August 7, 1996, based on the same conduct, a *409 grand jury returned a bill of indictment charging the defendant with four counts of predatory criminal sexual assault of a child. 720 ILCS 5/12-14.1(a)(1) (West 1996). The indictment alleged conduct occurring between May 1 and May 28, 1996.
A jury found the defendant guilty of two counts of predatory criminal sexual assault on December 19, 1996. However, on January 24, 1997, the trial court declared a mistrial and vacated the conviction because a juror who had been polled stated that his decision was made under duress. After a bench trial, the trial court found the defendant guilty of two counts of predatory criminal sexual assault and sentenced the defendant to 10 years' imprisonment for each offense to run concurrently.
On May 22, 1997, our supreme court affirmed the trial court in Cook County and declared Public Act 89-428 unconstitutional as violative of the single subject rule contained in article IV, section 8(d), of the Illinois Constitution. Johnson, 176 Ill.2d 499, 224 Ill.Dec. 1, 680 N.E.2d 1372. On May 29, 1996, the legislature passed Public Act 89-462, which reenacted the offense of predatory criminal sexual assault of a child. Pub. Act 89-462, art. 2, § 260, eff. May 29, 1996 (codified in pertinent part at 720 ILCS 5/12-14.1 (West 1996)). The reenacting act became effective May 29, 1996, one day after the alleged offenses occurred.
The defendant filed a motion in this court seeking summary reversal of his convictions, claiming that the offense he was charged with, convicted of, and sentenced for did not exist at the time the offense allegedly occurred. The State argues that we should deny the defendant any relief because the reenacting law (Public Act 89-462) should be applied retroactively. We disagree with the State.
Generally, amendments to statutes are construed to apply prospectively and not retroactively. People v. Digirolamo, 179 Ill.2d 24, 50, 227 Ill.Dec. 779, 688 N.E.2d 116 (1997). However, where the legislature intends retroactive application and the amendment affects procedural and not substantive rights, it applies retroactively to cases pending on direct appeal. Digirolamo, 179 Ill.2d at 50, 227 Ill.Dec. 779, 688 N.E.2d 116.
Nothing in the language of the reenacting law (Public Act 89-462) indicates that the legislature intended retroactive application. The legislature enacted Public Act 89-462 on May 29, 1996, and made it effective the same day. The express language of the act makes it applicable only to offenses that occurred on or after May 29, 1996. Thus, the legislature did not intend the law to be applied retroactively to the defendant in this case. See People v. Wasson, 175 Ill.App.3d 851, 854, 125 Ill.Dec. 369, 530 N.E.2d 527 (1988).
We now address whether the reenacting law (Public Act 89-462) effected a change in substantive law. "Substantive law establishes rights and duties that may be redressed through the rules of procedure. [Citations.] Procedure involves matters relating to pleading, practice, and evidence." People v. Fiorini, 143 Ill.2d 318, 333, 158 Ill.Dec. 499, 574 N.E.2d 612 (1991).
We determine that the reenacting law (Public Act 89-462) constitutes a substantive change in the law. The previous law, Public Act 89-428, created the offense of predatory criminal sexual assault of a child. When our supreme court invalidated Public Act 89-428 in Johnson (176 Ill.2d at 516, 224 Ill.Dec. 1, 680 N.E.2d 1372), the law became void ab initio. People v. Gersch, 135 Ill.2d 384, 390, 142 Ill.Dec. 767, 553 N.E.2d 281 (1990). In other words, it is as if the law never existed. Gersch, 135 Ill.2d at 390, 142 Ill.Dec. 767, 553 N.E.2d 281. Thus, before the reenacting law (Public Act 89-462) was passed on May 29, 1996, the offense of predatory criminal sexual assault of a child did not exist in Illinois. Accordingly, Public Act 89-462 created new substantive law. Because Public Act 89-462 created new substantive law and became effective after the defendant was alleged to have committed the offense, it cannot be applied retroactively to the defendant in this case. As a result, the defendant's conviction of predatory criminal sexual assault of a child is invalid. People v. Zeisler, 125 Ill.2d 42, 50, 125 Ill.Dec. 845, 531 N.E.2d 24 (1988).
Citing People v. Nitz, 173 Ill.2d 151, 218 Ill.Dec. 950, 670 N.E.2d 672 (1996), and its *410 progeny (People v. Gibson, 292 Ill.App.3d 842, 227 Ill.Dec. 594, 687 N.E.2d 1076 (1997); People v. Perry, 292 Ill.App.3d 705, 226 Ill. Dec. 894, 686 N.E.2d 677 (1997)), the State argues that Public Act 89-462 can be applied to the defendant retroactively because it constitutes a procedural rather than a substantive change in the law. We disagree.
In Nitz, our supreme court states in dicta that the change in the law regarding fitness hearings for defendants taking psychotropic medication is procedural. Nitz, 173 Ill.2d at 162-63, 218 Ill.Dec. 950, 670 N.E.2d 672. In Gibson and Perry, the Appellate Court, Fifth and First Districts, respectively, gives the dicta in Nitz effect. Gibson, 292 Ill.App.3d at 847, 227 Ill.Dec. 594, 687 N.E.2d 1076; Perry, 292 Ill.App.3d at 717, 226 Ill.Dec. 894, 686 N.E.2d 677. However, the law at issue in Nitz, Gibson, and Perry is distinguishable from the law at issue in the case at bar. The law at issue in Nitz, Gibson, and Perry "merely removes a presumption of unfitness" for defendants taking psychotropic medication (Gibson, 292 Ill.App.3d at 847, 227 Ill.Dec. 594, 687 N.E.2d 1076), whereas the law at issue in this case creates a criminal offense. Thus, these cases are distinguishable and not persuasive.
The State also argues that the reenacting law (Public Act 89-462) applies retroactively to the defendant because doing so does not interfere with a vested right. The State ignores the fact that the defendant had a right not to be charged with an offense that did not exist at the time of the alleged acts. Wasson, 175 Ill.App.3d at 854, 125 Ill.Dec. 369, 530 N.E.2d 527. Applying Public Act 89-462 retroactively to the defendant in the case at bar would interfere with that vested right. Thus, the State's argument fails.
Next, citing Johnson, 176 Ill.2d 499, 224 Ill.Dec. 1, 680 N.E.2d 1372, Bates v. Board of Education, Allendale Community Consolidated School District No. 17, 136 Ill.2d 260, 144 Ill.Dec. 104, 555 N.E.2d 1 (1990), People ex rel. Shore v. Helmer, 410 Ill. 420, 102 N.E.2d 96 (1951), and People ex rel. Patterson v. Fifer, 280 Ill. 506, 117 N.E. 790 (1917), the State argues that Public Act 89-462 applies retroactively to the defendant because Public Act 89-462 is valid curative legislation. Our supreme court recently discussed curative legislation in Johnson:
"The general rule is that the legislature `may by a curative act validate any proceeding which it might have authorized in advance, provided the power be so exercised as not to infringe on or divest property rights and vested interests of the parties involved.'" Johnson, 176 Ill.2d at 518, 224 Ill.Dec. 1, 680 N.E.2d 1372, quoting Bates, 136 Ill.2d at 268, 144 Ill.Dec. 104, 555 N.E.2d 1.
Unlike the legislation at issue in the cases cited by the State (Johnson, 176 Ill.2d at 521, 224 Ill.Dec. 1, 680 N.E.2d 1372; Bates, 136 Ill.2d at 265, 144 Ill.Dec. 104, 555 N.E.2d 1; People ex rel. Shore, 410 Ill. at 425-26, 102 N.E.2d 96; People ex rel. Patterson, 280 Ill. at 508, 117 N.E. 790), the legislation at issue in this case contains no validating language. Further, the legislation at issue in this case affects a vested right of the defendant. See Wasson, 175 Ill.App.3d at 854, 125 Ill.Dec. 369, 530 N.E.2d 527.
Finally, the State argues that we should allow amendment of the charging instrument to reflect the charge of aggravated criminal sexual assault. 720 ILCS 5/12-14 (West 1996). Prior to the original enactment of predatory criminal sexual assault of a child by Public Act 89-428, the offense of aggravated criminal sexual assault contained the same elements and language as the relevant section of Public Act 89-428. The pertinent section of Public Act 89-428 reads:
"(a) The accused commits predatory criminal sexual assault of a child if:
(1) the accused was 17 years of age or over and commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed[.]" Public Act 89-428, art. 2 eff. December 13, 1995 (codified at 720 ILCS 5/12-14.1 (West 1996), found unconstitutional by Johnson, 176 Ill.2d 499, 224 Ill. Dec. 1, 680 N.E.2d 1372, and reenacted by Public Act 89-462, effective May 29, 1996).
We note that the offense of criminal predatory sexual assault of a child (as enacted in both Public Acts 89-428 and 89-462) contains a harsher penalty if the accused caused great *411 bodily harm to the victim that is life threatening or results in permanent disability. 720 ILCS 5/12-14.1(b) (West 1996). However, the defendant in this case was not charged under this portion of the statute.
Prior to the enactment of Public Act 89-428, the aggravated criminal sexual assault statute read in pertinent part:
"(b) The accused commits aggravated criminal sexual assault if:
(1) the accused was 17 years of age or over and commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed[.]" 720 ILCS 5/12-14(b)(1) (West 1994).
Both offenses at issue are Class X felonies. Because the elements and language contained in the predatory criminal sexual assault statute are identical to the elements and language contained in the above-cited aggravated criminal sexual assault statute, the State urges this court to allow amendment of the charging instrument.
We agree with the State that formal defects in charging documents may be amended at any time. People v. Nathan, 282 Ill.App.3d 608, 610, 218 Ill.Dec. 164, 668 N.E.2d 648 (1996). However, we do not agree with the State that the defect at issue is merely formal. The charging instrument in the case at bar failed to state an offense. Wasson, 175 Ill.App.3d at 854, 125 Ill.Dec. 369, 530 N.E.2d 527 (a charging instrument fails to state an offense if the statute under which the defendant is charged and prosecuted is not in effect on the date of the alleged offense). The defect in the charging instrument is fatal and the entire charging instrument is invalid. Wasson, 175 Ill.App.3d at 855, 125 Ill.Dec. 369, 530 N.E.2d 527. Thus, the State seeks to amend a substantive, not a formal, defect. Accordingly, it can be amended only by the grand jury. People v. Patterson, 267 Ill.App.3d 933, 938, 205 Ill. Dec. 1, 642 N.E.2d 866 (1993) (any amendment to an indictment must originate with the grand jury unless such an amendment corrects only a formal defect in the charge).
The State cites People v. Martin, 266 Ill. App.3d 369, 203 Ill.Dec. 718, 640 N.E.2d 638 (1994), People v. Hirsch, 221 Ill.App.3d 772, 164 Ill.Dec. 284, 582 N.E.2d 1228 (1991), and People v. House, 202 Ill.App.3d 893, 148 Ill. Dec. 627, 560 N.E.2d 1224 (1990), to support its argument. However, the amendments in these cases occurred before trial. Martin, 266 Ill.App.3d at 373, 203 Ill.Dec. 718, 640 N.E.2d 638; Hirsch, 221 Ill.App.3d at 777, 164 Ill.Dec. 284, 582 N.E.2d 1228; House, 202 Ill.App.3d at 898, 148 Ill.Dec. 627, 560 N.E.2d 1224. In the case at bar, the State seeks to change the offense contained in the charging instrument on appeal, that is, after the defendant has already been tried and convicted of another offense. Thus, the cases cited by the State do not apply to the case at bar.
In addition, the State cites People v. Sirinsky, 47 Ill.2d 183, 265 N.E.2d 505 (1970), for the proposition that a charging instrument may be amended during appeal. However, Sirinsky is factually distinguishable from the case at bar. In Sirinsky, a traffic citation issued by a municipal police officer contained the name of the municipality in the caption. On appeal, the appellate court amended the caption of the complaint to reflect correctly the State, rather than the municipality. Our supreme court held that the amendment was merely formal. Sirinsky, 47 Ill.2d at 188, 265 N.E.2d 505. In the case at bar, the amendment sought by the State is substantive, not formal. Thus, the State's argument fails.
In conclusion, we find that the conviction of the defendant under section 12-14.1(a)(1) of the Criminal Code of 1961 (720 ILCS 5/12-14.1(a)(1) (West 1996)) for acts which occurred prior to the effective date of the reenacting law (Public Act 89-462) is null and void. However, since Public Act 89-428 is void ab initio, the defendant does not have a claim of double jeopardy. People v. Zeisler, 125 Ill.2d 42, 49, 125 Ill.Dec. 845, 531 N.E.2d 24 (1988). Thus, the State may charge the defendant with any other applicable offense that was in effect on the dates of the alleged acts, e.g., aggravated criminal sexual assault (720 ILCS 5/12-14 (West 1996)).
*412 The judgment of the circuit court of Lake County is reversed.
Reversed.
INGLIS and HUTCHINSON, JJ., concur.