THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSE D. JARAMILLO, Defendant-Appellant.

Second District    No. 2—97—0938

Opinion filed October 15, 1999.

THOMAS, J., specially concurring in part and dissenting in part.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

David R. Akemann, State's Attorney, of St. Charles (Martin P. Moltz and Richard S. London, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COLWELL delivered the opinion of the court:

On January 19, 1996, the defendant was indicted for three counts of aggravated criminal sexual assault (720 ILCS 5/12—14(b)(i) (West 1998)). The offenses that led to his conviction occurred between December 26, 1995, and January 10, 1996. The defendant was reindicted on December 3, 1996, for predatory criminal sexual assault (720 ILCS 5/12—14.1(a)(1) (West 1998)). On March 20, 1997, the defendant pleaded guilty to one count of predatory criminal sexual assault, and he was subsequently sentenced to 20 years' imprisonment on June 20, 1997. Pursuant to section 3—6—3(a)(2)(ii) of the Unified Code of Corrections (730 ILCS 5/3—6—3(a)(2)(ii) (West 1998)), the defendant was credited with 528 days toward his sentence.

The defendant filed a motion to reduce his sentence on July 18, 1997, and this motion was denied on August 29, 1997. On this same

date, the defendant filed his notice of appeal. The defendant brings this appeal, arguing (1) that his conviction must be vacated since the offense of predatory criminal sexual assault of a child is unconstitutional and (2) that sentencing him using the truth-in-sentencing act is also unconstitutional.

■ The defendant first argues that convicting him under section 12—14.1(a)(1) of the Criminal Code of 1961 (720 ILCS 5/12—14.1(a)(1) (West 1998)) is unconstitutional. We agree. This court has recently considered this issue in *People v. Tellez-Valencia*, 295 Ill. App. 3d 122 (1998), *appeal allowed*, 179 Ill. 2d 612 (1998). In *Tellez-Valencia*, this court held that the defendant's conviction of predatory criminal sexual assault was invalid. *Tellez-Valencia*, 295 Ill. App. 3d at 125. In reaching this conclusion, the court noted that Public Act 89—428, which first enacted the offense of predatory criminal sexual assault, was declared unconstitutional because it violated the single subject rule under the Illinois Constitution. *Tellez-Valencia*, 295 Ill. App. 3d at 123, citing *Johnson v. Edgar*, 176 Ill. 2d 499 (1997). On May 29, 1996, Public Act 89—462, which reenacted the offense of predatory criminal sexual assault, became effective. *Tellez-Valencia*, 295 Ill. App. 3d at 125.

In *Tellez-Valencia*, the court found that the defendant's conviction of predatory criminal sexual assault was invalid because this offense was not in effect when the defendant committed the assault. *Tellez-Valencia*, 295 Ill. App. 3d at 125. Specifically, the defendant in *Tellez-Valencia* committed his offense on May 28, 1996, which was one day before the reenactment became effective. *Tellez-Valencia*, 295 Ill. App. 3d at 124.

Here, as in *Tellez-Valencia*, the offense of predatory criminal sexual assault did not exist when the defendant committed the offenses. Specifically, here, the acts that led to the defendant's conviction occurred between December 26, 1995, and January 10, 1996. Since the crime of predatory criminal sexual assault did not exist until May 29, 1996, which was after the defendant committed the offenses, the defendant in the instant action cannot be charged with predatory criminal sexual assault. Even though the defendant cannot be charged with predatory criminal sexual assault, this does not prevent the State from charging the defendant with an offense in existence when the assaults occurred. *Tellez-Valencia*, 295 Ill. App. 3d at 128.

The State argues that it should be allowed to amend the indictment at any point during the judicial process. Since we addressed and rejected this argument in *Tellez-Valencia*, we will not respond again to the State's argument here.

■ The defendant next argues that he should receive day-for-day

credit for the amount of time he served in jail awaiting the resolution of his case. Since this court has already decided that the defendant's conviction of predatory criminal sexual assault cannot stand, the issue regarding his sentence is now moot.

The judgment of the circuit court of Kane County is reversed.

Reversed.

RAPP, J., concurs.

JUSTICE THOMAS, specially concurring in part and dissenting in part:

I agree that the defendant's conviction of predatory criminal sexual assault was invalid because the public act that first enacted that offense was declared unconstitutional by our supreme court for violating the single subject rule, and the defendant's conduct occurred before that offense was reenacted. However, for the reasons stated in *People v. Moore*, 295 Ill. App. 3d 676 (1998), I would allow the State's request to amend the indictment to reflect that the defendant was charged with and pleaded guilty to one count of aggravated criminal sexual assault. As the court in *Moore* observed, "these two offenses possess *exactly* the same elements and provide for *exactly* the same penalty." (Emphasis in original.) 295 Ill. App. 3d at 685. Because of the later ruling invalidating the enactment, "predatory criminal sexual assault" was technically not the name of the crime describing the conduct for which the defendant was convicted. However, the definition of aggravated criminal sexual assault, which was a valid offense at the time, does precisely describe the defendant's conduct as charged. Therefore, I would allow the State's request to amend the indictment.

Accordingly, I dissent.